ALICE HALEY ET AL. v. AMANDA B. GATEWOOD ET AL.

No. 6277.

1. **Will—When it Takes Effect.**—A will speaks from the death of the testator and applies to property acquired between the date of the actual signing of the will and the death.

2. **Will—Construction.**—The clause "I will and bequeath all the estate I now own and possess" does not apply to property the testator did not own or possess. It does not, therefore, apply to the community property owned by the testator and his wife.

3. **Will—Devise of Husband's Interest in Community.**—A devise by a husband of "all his property to his wife and his six children by her in equal parts" conveys one-seventh of his half of the community to the wife, and she as widow in partition would take her own half and the one-seventh of the husband's half.

4. **Separate Property—Inventory.**—That a widow acting as executor placed lands upon the inventory of property of the husband's estate does not estop her from showing that the lands were bought with her separate funds and claiming them as her separate property.

5. **Error in Computation.**—Where the statement of facts shows an error in the amount charged to one of the parties it can be corrected on appeal, but when no at-

tention was taken to it in the motion for new trial or otherwise in the court below the costs of the appeal will not be taxed upon the appellee.

6. **Taxes Paid out of Funds of an Estate.**—In a proceeding against executors and for partition the executors claim a credit for money paid out for taxes, and it is shown that the amount claimed is the aggregate of the taxes as well upon the property of the estate as upon the widow's share and upon her separate property, it devolves upon the party resisting the claim to show by testimony the amount of overcharge.

APPEAL from Johnson. Tried below before Hon. Eugene Williams. The opinion states the case.

*English & Ewing,* and *Poindexter & Padelford,* for appellants. — 1. The property acquired after the making and publishing of a will by a testator does not pass at his death by virtue of the will when the language and terms of the will are not sufficiently broad to include it, and especially is this the law when it appears from the will itself that the testator only intended to dispose of what property he had on hand at the time of making and executing the will. Kimball v. Ellison, 128 Mass., 41; Roney v. Stiltz, 5 Whart., 381; Schoul. on Wills, secs. 466, 467, 468, 477, 29, 486; Dunlap v. Dunlap, 74 Me., 402.

2. When it is apparent from the language and context of a will that the testator intended to devise not only his half of all community property but also his wife's half, then all of said property will pass at the death of the testator to the devisees named unless the widow should elect within a reasonable time to take under the law and not under the will. Rogers v. Trevathan, 67 Texas, 406; 39 Texas, 419; 27 Texas, 688; 24 Texas, 38; Carroll v. Carroll, 20 Texas, 731; 2 Jarm. on Wills, 5 Am. ed., ch. 14, pp. 1, 2, 3, 20, 21, 40.

3. When a husband by will devises all of the community property of himself and wife then the wife must elect not to take under the will, and if she fails to elect and proceeds to carry out the provisions of the will she will be bound by the will, and would then be estopped from claiming otherwise than under said will. Rogers v. Trevathan, 67 Texas, 406; Standifer v. Hubbard, 39 Texas, 419.

4. We submit that under the facts and law of this case the wife in no event is entitled to more than one-half of the common property, and to no part of the other half, and that in no event is she entitled to a greater interest in the homestead than a right to the use and revenues arising therefrom until the youngest child shall reach his majority, and after that time to only a life estate in said homestead reduced to 200 acres or less as she may wish. Rev. Stats., art 1653.

*Smith & Davis,* for appellees. — 1. Under the statute of wills of this State a will is to be understood to speak from the death of the testator, and whatever estate he then possessed must be held to pass according to

the terms of the will.   Rev. Stats., art. 4857; Henderson v. Ryan, 27 Texas, 670.

2.   The intent to dispose by will of his wife's community interest by the husband must be evidenced by explicit language.   Moss v. Helsley, 60 Texas, 426, 435.

3.   There is no inhibition or limitation in law on the right of the husband by will to make his wife share equally with his children his half of the community estate of himself and wife.

4.   The testimony to the wife's separate property was sufficient.   Parker v. Coop, 60 Texas, 116; John v. Battle, 58 Texas, 592.

ACKER, PRESIDING JUDGE.—B. D. Gatewood died on the 18th day of September, 1882, leaving a will which had been executed on the 8th day of August, 1874.   The appellees, Amanda B., his widow, and W. H. Gatewood, were appointed independent executors.   The will was duly probated and the executors qualified and took possession of the estate in November, 1882.   Alice Haley, one of the children and heirs of B. D. Gatewood, joined by her husband, brought this suit on the 10th day of October, 1884, against the widow and other children and heirs of B. D. Gatewood for partition of the property of which the father died possessed. It was alleged in the petition that a portion of this property, two tracts of land conveyed to the father after the execution of the will, was his separate property and was not disposed of by the will, and that all other property was the community property of the father and mother, the appellee Amanda B. Gatewood.

The defendants answered by general denial, general demurrer, and special exception to the effect that it appeared from the petition and the will exhibited to the court that B. D. Gatewood did not die intestate as to any of his property, and specialy denied that any part of the property was the separate property of B. D. Gatewood, and alleged that the two tracts of land conveyed to the testator subsequent to the execution of the will was the separate property of the defendant Amanda B. Gatewood. Defendants also answered that no part of the property belonging to the estate was subject to partition until the youngest child and heir attained majority, and that one of them was still a minor; that the estate was indebted to Mary G. Cunningham in the sum of $1579.38, which was held by B. D. Gatewood as a trust fund for her, which was claimed by her and paid by the executors to Amanda B. Gatewood, the only heir of Mary G. Cunningham, who died in May, 1883; that the executors had paid out of the separate means of Amanda B. Gatewood debts against the estate amounting to $3000, and prayed that she be reimbursed out of the property of the estate before partition.

The trial was by the court without a jury and resulted in judgment to the following effect:

1.   Sustaining defendant's special exception to the plaintiff's petition.

2.   That the property described in plaintiff's petition is community property except 252 acres of land of the R. P. Smith survey in Hill County and 111⅓ acres undivided interest in the 426 acres of the D. Moore survey, being the two tracts of land conveyed to B. D. Gatewood after the execution of his will, which is adjudged to be the separate property of Amanda B. Gatewood.

3.   That the estate of B. D. Gatewood is indebted to the executors of said estate in the sum of $254.04.

4.   That by the terms of the will 320 acres of the D. Moore survey and 50 acres of the Ince survey constituting the homestead can not be partitioned until the minor heir becomes of age.

5.   That it appears from the will that the testator did not intend to thereby dispose of his wife's interest in the community property.

6.   That by the will B. D. Gatewood devised all his property to his wife and his six children by her in equal parts, subject to the limitations of the use and disposition of the property for maintenance and education of the children.

7.   That by the terms of the will each child was entitled to have its part of the personal property set apart on attaining majority, and that all the children were of age except the youngest, who was then nineteen years of age.

8.   That the community property, except the homestead, be partitioned as follows:  One-half to Amanda B. Gatewood and the other half in equal parts to the widow Amanda B. and the six children of the testator by her.

The first assignment of error is:  "The court erred in sustaining defendant's special exception to plaintiff's second amended original petition in this, that the language in said will does not authorize the court to hold as a question of law that property acquired after the making of said will passed to the legatees and devisees as named in said will."

The language of the will is:  "I will and bequeath to my beloved wife Amanda Gatewood and my children by my said wife Amanda all the estate I now own and possess," etc.

The precise question here presented was decided adversely to appellants in the case of Henderson v. Ryan, 27 Texas, 674, and we approve and follow that decision.   It was there said:   "The will must be understood to speak from the time of the testator's death, and whatever estate he then possessed must be held to have passed according to its terms."

The second assignment of error is:   "The court erred in holding that by the language and terms of the will the testator intended to convey his half of the community property only, it being apparent from said will that the testator not only intended to convey his half but also his wife's half of all community property then on hand."

The will does not contain any special bequest as to any particular prop-

erty other than the homestead, and the disposition of that by the terms of the will is in strict conformity with the provisions of our statute with reference to the control and disposition of the homestead after the death of one of the spouses.   "I will and bequeath all the estate I now own and possess."   We do not think this language indicates an intention on the part of the testator to dispose of any property which he did not "own and possess," nor do we think the directions given in the will to the executors as to the management and disposition of certain community property for the maintenance and education of his children clearly manifest an intention to deprive the wife of the right to control and dispose of her interest in the community property.   The intent upon the part of the husband to dispose by will of the wife's interest in the community property must be evidenced by clear and explicit language.   Carroll v. Carroll, 20 Texas, 743; Moss v. Helsley, 60 Texas, 435.

We think the court did not err in the particular complained of under the second assignment.

The third assignment of error is:   "The court erred in holding that the widow, Amanda B. Gatewood, was entitled not only to one-half of all community property on hand at the time of making the will but also to one-seventh of the other half of said property, when the facts and the law only authorized her to recover and hold for herself and minor children the homestead, consisting of 320 acres of the D. Moore survey and 50 acres of the John Freeland."

We have already decided that the court correctly construed the will in holding that it did not dispose of the wife's interest in the community property, and that interest therefore remained to the widow as if the will had not been executed.   We know of no rule of law that precludes the husband from bequeathing to the wife all or any part of his property, and we think it clear that under the terms of the will appellee Amanda B. Gatewood was entitled to her half of the community estate just as she would have been under the statute, and in addition thereto she was entitled to share equally with her six children the testator's estate.   The court did not err in so holding.   Carroll v. Carroll, *supra.*

What we have said disposes of the fourth and fifth assignments of error adversely to appellants, as these assignments raise substantially the same question as that presented by the third assignment.

The sixth assignment of error is:   "The court erred in holding that 111¼ acres of the D. Moore and 252 acres of the R. T. Smith surveys were and are the separate property of Amanda B. Gatewood, for the reason that the evidence fails to sustain said finding, the facts showing that she inventoried and treated said property as community, and never claimed the same to be her separate property until after the institution of this suit."

We think the evidence conclusively shows that these lands were purchased with the separate means of Amanda B. Gatewood and were there-

fore her separate property. Indeed, the record discloses no evidence against this conclusion other than the circumstance that she and her coexecutor inventoried these lands as parts of the estate of her deceased husband. All of the property was so inventoried. This fact did not preclude her from showing that they were in fact her separate property, or that they belonged to the community estate. The inventory was not conclusive. Rev. Stats., art. 1928; Carroll v. Carroll, *supra*.

Under the seventh assignment of error it is contended that the court erred in finding that the executors had received on account of said estate only the sum of $1116 besides the money on hand at the death of the testator, when it appears from the evidence that they had received the sum of about $1500, and had charged themselves with only $1140 of the $1175 money on hand at the death of the testator. We think this assignment is well taken.

It clearly appears from the evidence that the executors received from sales of stock, wheat, and cotton belonging to and collections on claims due the estate the sum of $1314, and it also appears that of the money on hand at the death of the testator there was $35 in bank subject to the order of the executors in addition to the sum of $1140 with which they had charged themselves, making the sum of $233 with which the executors should have been charged in addition to the amount found by the court.

The eighth assignment of error is: "The court erred in not deducting from the charges by the executors the taxes paid by them on the property found by the court to be the widow's separate property."

It appears that the sum of $223 had been paid out by the executors on account of taxes, including the taxes assessed against the lands which were adjudged to be the separate property of the widow, but it does not appear how much of this amount was used in payment of taxes on the separate property. Appellants were plaintiffs below and the burden was upon them to show what they were entitled to recover. They could easily have shown how much of the $223 had been applied to the payment of the taxes against the separate property of the widow, and we think they should have done so. Had this proof been made we have no doubt the court would have deducted the amount from the credit given the executors.

The minors Lena and Ula Terrell had no interest in the estate, were not proper parties to the suit, and the appointment of a guardian *ad litem* for them could not affect the rights of the other parties, and the action of the court in appointing the guardian was wholly immaterial.

The court below adjudged that the estate was indebted to the executors in the sum of $254.04, and that this amount was a charge against the assets of the estate. We are of opinion that the executors should be charged with the sum of $233, as we have hereinbefore determined, which should

be deducted from the judgment in their favor, and that the judgment of the court below should be reformed and judgment rendered here in favor of the executors, Amanda B. and W. H. Gatewood, for the sum of $21.04, and that in all other particulars the judgment of the court below should be affirmed.

As appellants failed to call the attention of the court below to the error indicated by motion for new trial or otherwise, we are of the opinion that they should pay the costs of this appeal.

*Affirmed.*

Adopted June 11, 1889.