### FREEMAN et al. v. CLASSEN et al. (No. 6177.)

(Court of Civil Appeals of Texas. Austin. May 26, 1920. Rehearing Denied June 29, 1920.)

Wills ⬅️102—Life policies held not bequeathed to testator's wife.

Will, giving all property to executors in trust, did not give to testator's wife the policies on his life, within the rule that a special provision of a will, when clear, will control a general provision, the subsequent clause directing the executors, commencing a year after testator's death, to pay to his wife $500 a month so long as she lives, and declaring that he makes no provision for any payment to her during said first year, because he had $10,500 insurance on his life, payable to her, which she shall take absolutely free of the provisions of the will, being but a recognition of the fact that all the policies, in which she was then beneficiary, would, on his death, be her separate property, as would have been the case had he not thereafter made his estate beneficiary in some of them.

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Suit between L. F. Freeman and others and Mrs. Geraldine Classen and others. From an adverse judgment, Freeman and others appeal. Reversed and rendered.

Witt, Terrell & Witt, of Waco, for appellants.

J. N. Gallagher, of Waco, for appellees.

JENKINS, J. This suit involves the proper construction of the will of L. F. Freeman, deceased. In the first item of said will, Freeman constituted C. M. Seley and J. H. Riley the independent executors of his will and joint trustees of his estate for the use and benefit of his wife, Geraldine Freeman, now Geraldine Classen. The second item of the will directs that all his just debts shall be paid by his executors and trustees.

The only items of said will necessary to set out are items 3, 4, and 5, and the codicil to said will which are as follows:

"Item 3. Subject only to the provision in item 2 hereof, I give, devise and bequeath unto my said executors and trustees, C. M. Seley and J. H. Riley, to be held by them under the terms hereof in trust for the sole use and benefit of my beloved wife, Geraldine Freeman, during the period of her natural life, all of the property and estate of every nature, real, personal and mixed, of whatever consisting, of which I may die seized and possessed, to have and to hold the same to them, the said C. M. Seley and J. H. Riley, as joint executors and trustees for the purposes aforesaid, with the remainder after the death of said Geraldine over to my brothers and sisters or their children, as provided in item 8 hereof.

"Item 4. At my death the said C. M. Seley and J. H. Riley, as such joint executors and trustees, shall cause this will to be duly probated and shall immediately take possession of all of my estate, real, personal or mixed, including the full amount of all life insurance (except the policies which are payable to my wife Geraldine, and mentioned in item 5 hereof), and hold, manage and control my said entire estate as to them may seem best and in compliance with the other provisions of this will, so long as my said wife Geraldine shall live.'

"Item 5. Beginning one year after the date of my death, my said executors and trustees shall promptly and continuously pay out of my estate to my said wife, Geraldine, so long as she shall live, the sum of ($500.00) five hundred dollars per month, payable upon the first day of each month, etc.

"I make no provision for the payment of anything to the said Geraldine during the year first following my death, because I now carry, and shall continue to carry, for her use and benefit, the sum of ten thousand five hundred ($10,-500.00) dollars of insurance on my life which is payable to her, and which she shall take absolutely free of the provisions of this will. The policies so carried are as follows: No. 135548 in the Ætna Company for $1,000.00; No. 427931 in the Ætna Company for $1,000.00; No. 41915 in the Reliance Life for $1,000.00; No. 31101 in the Bankers' Reserve Life for $2,500.00; No. 481707 in the Union Central Life for $2,-500.00; and No. 483558 in the Union Central Life for $2,500.00. All of said policies are payable to my said wife Geraldine and the proceeds thereof will be sufficient for all her needs during the said year."

The codicil to said will reads as follows:

"Sept. 16, 1916.

"I hereby confirm my will dated June 17, 1916, with the exception that I now direct that my wife shall be paid $400.00 instead of $500.00 per month, and I direct that this be attached to my will as a codicil."

The executors collected all of the policies mentioned in item 5. The proceeds'of the first three of said policies for $1,000.00 each are claimed both by the residuary legatees and the appellee Mrs. Classen. The executors answered that they held the money collected on these policies, to be paid over by them to whomsoever the court should direct.

The trial court held that the proceeds of these policies should be paid to the appellee. The correctness of this holding depends upon whether or not the policies mentioned were devised to appellee. If not, by virtue of item 3 they were devised to the executors, for that item devised to the executors all of his property and estate of every nature, subject to the trust created by the will.

A special provision of a will, when it is clear, will control a general provision. Haring v. Shelton, 114 S. W. 389-391. It is the contention of appellee that item 5 is a special provision of the will, by virtue of which all of the policies mentioned therein were devised to appellee. We do not think this contention is sound. On the contrary, we hold that it was not the intention of Freeman to devise these policies to his wife, but that he recognized the fact that they would upon his death be her separate property, for the reason that she was the beneficiary therein named. It will be seen by the will that Freeman provided for the support of his wife during her life, by directing that the executors should pay her $500.00 per month out of the proceeds of his estate, beginning one year from the date of his death. This amount was cut down by the codicil to $400 per month, but the codicil did not otherwise change the will; on the contrary, it expressly confirmed the same. No provision was made for the support of his wife for the first year following his death. To our minds, it is clear that item 5 was inserted as an explanation of why no such provision was made. The language, "I make no provision for the payment of anything to the said Geraldine during the first year following my death," means that he makes no provision in this will for her support during said time, and not that he made such provision by devising to her the policies named in said item.

A will speaks from the time of the death of the testator. Had there been no changes as to the beneficiary in these policies, the proceeds of the same would have been her separate property of Mrs. Freeman, upon the death of Freeman; and it is not to be presumed that a testator, when he devises all his property, intends to devise anything which is the separate property of his wife. Haley v. Gatewood, 74 Tex. 281-284, 12 S. W. 25. By changing the beneficiary in these policies, as he had a right to do, Freeman made them the property of his estate; and therefore the clause of his will, devising all of his estate to his trustees, must be held to include these policies.

This will appears to have been carefully drawn by an attorney, or by some one who is familiar with the law in reference to wills. It will be observed that the language in item 5, with reference to the life insurance policies is that they "are payable to her

(Mrs. Freeman), and which she shall take absolutely free of the provisions of this will." No apt words of bequest are here used. We think that the expression, "which she shall take absolutely free of the provisions of this will," means which she is entitled to without reference to this will. Such was the contemplated fact at the time the will was executed, and such would have been the fact at the time of the death of Freeman, if he had not changed the beneficiary. She was to take these policies "free of the provisions of this will," because this will undertook to dispose only of such property as belonged to the testator at the time of his death, and did not undertake to dispose of property which would be the separate property of the devisee at such time.

We do not think the doctrine, invoked by appellees, that a special provision in a will will control a general provision, is applicable here, for the reason that there is no special provision in the will devising the life insurance policies to the devisee. Neither is the doctrine that a change in the form of property devised would make no difference, for the reason that there was no change in the form of the property. The essential form of the policies was that the proceeds thereof should be paid to the beneficiary. The form of these policies, in so far as the property therein was concerned, was money, and the fact that Freeman changed the beneficiary did not change the form of the property. The effect of the change in the beneficiary was to make that which had formerly been the separate property of Mrs. Freeman, or would have been her separate property at the time of the death of Freeman but for such change, the property of his estate.

The paramount rule for the construction of a will is that the intention of the testator is to prevail. This intention is to be gathered from the language of the whole instrument, and this language, as in all other written instruments, is to be construed in the light of the circumstances surrounding the party using the same, and, in case of a will, also in the light of the acts of the testator in reference thereto at the time of the execution of the will or subsequently thereto. The circumstances surrounding the testator at the time of the execution of the will were that, in his opinion, the fact that he had insured his life for $10,500 in favor of his wife, and that the same would be her separate property, free of the provisions of his will, was a sufficient provision for her support during the first year of her widowhood. His subsequent act in changing three of his policies so as to make them payable to his estate clearly evinces an intention on his part to cut down the amount of separate property which would belong to his wife upon his death. He still left, as her sepa-

rate property, however, $7,500, which we must presume from the acts of Freeman was, in his opinion, sufficient for her support for the first year after his death. It appears from his codicil that he had changed his mind as to what amount was sufficient for her support subsequent to the first year of her widowhood, as he reduced said amount from $500 a month to $400 a month; and from this it appears to us that he deemed $7,500 sufficient for the support of his wife during the first year after his death, and for that reason, by changing the policies, deprived her of $3,000 of the same, which but for such change would have been her separate property.

There is no dispute as to the facts in this case, and, believing as we do that the money collected by the trustees should be held as a part of the estate of Freeman, we reverse this case, and render judgment in favor of appellants.

Reversed and rendered.