**HOCKER et al. v. PIPER et al.   (No. 2115.)**

Court of Civil Appeals of Texas. El Paso. Feb. 9, 1928.

Rehearing Denied Feb. 23, 1928.

**I. Wills ⚖==>782(12)—Testator held not to have disposed of wife's community estate so that her acceptance would be election to give up community interest.**

Testator, by disposing of lot acquired before marriage, undivided half to wife and other half to other beneficiaries, and by giving community homestead to wife, together with undivided one-half interest in lots, reciting that other one-half belonged to wife, and giving her their household furnishings, and bequeathing remainder to others, *held* not to have disposed of wife's community interest so that her acceptance would be election to give up community interest.

**2. Wills ⚖==>487(3)—Excluding testimony that at time of making will testator stated there was no community property held proper.**

In a proceeding to construe a will excluding testimony of testator's attorney that at time of making will and at other times testator stated there was no community property was proper.

**3. Wills ⚖==>487(1)—Extrinsic evidence cannot be introduced to import intention not apparent on face of will and different from import of language.**

Extrinsic evidence is inadmissible to import into will intention not apparent on its face and different from that which language imports.

**4. Wills ⚖==>486—Parol evidence is inadmissible to contradict, add to, or explain contents of will.**

Parol evidence will not be heard to contradict, add to, or explain contents of will.

**5. Wills ⚖==>440—In construing will, expressed intention of testator from language used governs.**

In construing a will it is the expressed intention of testator, which the will itself by its language imports, that courts rule on.

**6. Wills ⚖==>560(3)—To give effect to attempted disposition of another's property, will must conclusively evidence such purpose.**

For a will to be given the effect of attempted disposition of property not owned by testator, it is required that language thereof conclusively evidence such purpose.

**7. Wills ⚖==>486—Presumption is that no man will attempt testamentary disposition of another's property.**

The law presumes that no man will attempt a testamentary disposition of property of another.

**8. Executors and administrators ⚖==>109(2)—In absence of direction in will, expense of erection of vault and monument must be paid from testator's interest in community property.**

In absence of any direction in the will, expense of erection of a vault and monument must be paid primarily out of interest of testator in community property, if funds from that source be available.

**9. Executors and administrators ⚖==>109(2)—Where will provides how expense of purchasing vault and monument shall be raised, it controls.**

Where testator's will provided how funeral expenses and expense of purchasing vault and monument should be raised, such provision controls.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by W. R. Piper and others against Susan A. Hocker and others. From the judgment rendered, defendants, other than defendant Lucille T. Stevens, appeal. Affirmed.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellants.

Jones, Hardie & Grambling and R. F. Burges, all of El Paso, for appellees.

---

⚖==>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALTHALL, J. This was a suit filed in the district court of El Paso county, Tex., by the executors, to have the court construe the last will of the late R. B. Stevens, particularly on the point as to whether the will disposed of or undertook to dispose of the community interest of his surviving wife in his estate, in such manner as that her acceptance under the will would amount to an election upon her part to give up her community interest in the greater portion of their community estate.

The surviving wife, Lucille T. Stevens, and Susan Hocker, and other beneficiaries named in the will, were made defendants. At the conclusion of the testimony, the court instructed the jury, in substance, that the intent and effect of the will of R. B. Stevens was to dispose of his separate estate and of his interest in the community estate of himself and his wife, and that the jury would so find. The jury found as instructed, and judgment was entered as found by the jury. The beneficiaries under the will, other than Lucille T. Stevens, prosecute this appeal.

### Opinion.

The material parts of the will in question are as follows: The first paragraph provides for the payment of all just debts and funeral expenses. The second paragraph provides for the erection of a vault and monument for the remains of himself and wife. The other paragraphs in the will deemed material and necessary to state are 3, 4, 5, and 7. They are as follows:

"III.

"I give, devise and bequeath to my beloved wife, Lucille T. Stevens, our home located on the west half of (W. ½) of lot seventeen (17), and all of lots eighteen (18), nineteen (19), twenty (20), twenty-one (21) and twenty-two (22), in block sixteen (16) of the Manhattan Heights addition to the city of El Paso, Texas, where we are now living; also the undivided one-half interest in the east half (E. ½) of lot twenty-eight (28) and all of lots twenty-nine (29) to thirty-two (32), both inclusive in block eighty-five (85) of the Bassett addition to the city of El Paso, Texas, (the other one-half of said property being owned now by my said beloved wife, Lucille T. Stevens) said property being known as the Stevens Building or Block numbered 3; also an undivided one-half interest in the west half of (W. ½) lot twenty-four (24), in block four (4), according to Anson Mills' map of the city of El Paso, Texas, which is known as the Stevens Building located on the corner of North Mesa and Texas, the other undivided one-half of said property being disposed of by me as hereinafter mentioned.

"Also all of our household and kitchen furniture and furnishings of every nature, character and description including everything pertaining to or connected with said home, together with our automobile or automobiles as the case may be, now owned by us, or which may be owned by us in the future, all of which said property, in this paragraph described, both real and personal is given and willed by me to my said beloved wife, Lucille T. Stevens, to be her absolute property to do with as she may see fit and proper, and to be handled in such manner as she may desire. The title to all of which property shall vest in fee simple in my said wife, Lucille T. Stevens, immediately after the filing of an inventory and appraisement and list of claims of my said estate by my said executors hereinafter mentioned, free from any and all inheritance tax, and in this connection I desire to state that my said beloved wife, Lucille T. Stevens, may employ her own attorneys and agents and to handle said property in any manner she may see fit and proper without any restriction.

"IV.

"I give, devise and bequeath to Lydia Diffendoffer daughter of Lizzie Pollard Stevens, now deceased, lots eleven (11) and twelve (12), in block seventeen (17), of the East El Paso addition to the city of El Paso, Texas, to be the absolute property of the said Lydia Diffendoffer, to do with as she may see fit and proper.

"V.

"All of the rest and residue of any and all property of which I may die seized and possessed, be the same real, personal or mixed, and of whatsoever kind and character and wheresoever situated, including the other undivided one-half interest in the west half (W. ½) of lot twenty-four (24), in block four (4) according to Anson Mills' map of the city of El Paso, Texas, I give, devise and bequeath to my brothers and sisters and half brothers and sisters then living at the time of my death, and unto my nephews and nieces then living at the time of my death, to each one of them share and share alike absolutely in fee simple, to do with as they may see fit and proper and to handle as they may see fit and proper and to select whom they may desire as their attorneys and representatives to handle and dispose of said property hereby bequeathed to them. I request, however, that in their handling and disposing of said property that they shall at all times consult my friends, F. M. Murchison and W. R. Piper, as to the value of the property which they might desire to sell or dispose of, and in all things pertaining to said property be guided as far as possible by the advice given them by my friends, F. M. Murchison and W. R. Piper."

"VII.

"As hereinbefore stated, I desire that all of the property given to my said beloved wife, Lucille T. Stevens, shall go to and vest in her free from any inheritance tax due the state of Texas or the United States government, and my said executors shall be and they are hereby authorized and empowered to sell and dispose of, if necessary, any portion of the real estate or property of which I may die seized or possessed, excepting that portion which I have given and bequeathed to my said beloved wife, Lucille T. Stevens, and except the other undivided one-half interest in the west one-half of lot 24, in block 4, according to Anson Mills' map of the city of El Paso, Texas, for the purpose of paying my just debts, if any, funeral expenses and the expenses of my last illness, and for the purpose of purchasing the monument hereinbefore stated, and for the purpose of

paying the costs of administration and any inheritance tax that may be due the state of Texas or the United States government. And my said executors are fully authorized and empowered to sell any portion of any property of which I may die seized or possessed, excepting the above-mentioned property for such purposes, and to convey the fee simple title to such property as they may have to sell without the order or intervention of any court, and without the joinder of any beneficiary herein, hereby giving and granting to my said executors full and absolute power to sell and dispose of any portion of said property, as they may deem necessary, for the purposes hereinbefore stated."

R. B. Stevens, testator, was married to Lucille T. Stevens, January 22, 1905. He made his will June 2, 1926. He died January 13, 1927. Deceased had no child or children. The contest here is between his widow, Lucille T. Stevens, on one side and his brothers, sisters, nephews and nieces on the other side.

The homestead, on lots stated, in block 16, Manhattan Heights, mentioned in paragraph 3 of the will, was community property, as was also lands in block 85, Bassett's addition. On February 14, 1918, testator deeded to his wife lots 30, 31, and 32, in said block 85. Appellants refer to expressions in the third paragraph of the will, such as "my estate;" "all of which said property in this paragraph described, both real and personal is given and willed by me to my said beloved wife, Lucille T. Stevens to be her absolute property;" "the title to all of which said property shall vest in fee simple in my said wife Lucille T. Stevens, immediately after the filing of an inventory and appraisement and list of claims of my said estate by my said executors;" and, in the seventh paragraph, "and my said executors shall be and they are hereby authorized and empowered to sell and dispose of, if necessary, any portion of the real estate or property of which I may die seized or possessed, excepting that portion which I have given and bequeathed to my said beloved wife, Lucille T. Stevens, and except the other undivided one-half of lot 24, in block 4, according to Anson Mills' map of the city of El Paso, Texas, for the purpose of paying my just debts, if any, funeral expenses and the expenses of my last illness, and for the purpose of purchasing the monument hereinbefore stated, and for the further purpose of paying the cost of administration and my inheritance tax;" "and my said executors are fully authorized and empowered to sell any portion of any property of which I may die seized or possessed, excepting the above-mentioned property for such purposes, and to convey the fee simple title to such property as they may have to sell, without the order or intervention of any court, and without the joinder of any beneficiary herein, hereby giving and granting to my said executors full and absolute power to sell and dispose of any portion of said property as they may deem necessary, for the purpose hereinbefore stated."

To the paragraphs of the will copied above, and especially to the quotations made therefrom, appellants make the contention that the language of the will, when considered in connection with the then existing facts, and the time the will was made as to the time of the death of the testator relating to his estate show with sufficient certainty that it was the intention of the testator by his will to dispose of the community interest of his wife in his estate; or, if not so made to appear as a proposition of law to be construed by the court, then it was a question of fact to be determined by the jury as to the testator's intention, and it was error to peremptorily instruct the jury that the will did not undertake to dispose of the wife's community interest. In connection with the above propositions appellants offered to prove by the witness Cyrus H. Jones, the attorney for the testator in making the will, that, at the time of making the will, and at other times, the testator stated to the witness that there was no community property of himself and his wife. We will discuss the above propositions together.

[1] In disposing of the west one-half of lot 24, in block 4, according to the Mills' map, said lot acquired by the testator some years before his marriage, he bequeathed in paragraph 3 an undivided one-half to his wife free of all inheritance taxes, and the other one-half to the other beneficiaries named in the will. He then gives the community homestead, described as "our home" to his wife; also an undivided one-half interest in the lots in block 85, Bassett addition, to his wife, reciting in the will that the other one-half of this property belonged to his wife; and also all of "our household and kitchen furniture and furnishings" connected with the home, together with "our automobile or automobiles" "now owned by us." Then in paragraph 4 a devise is made to a stepdaughter by a former wife of testator's separate property. Then in paragraph 5 testator bequeaths "all the rest and residue of any and all property of which I may die seized and possessed" to his brothers, sisters, half brothers and sisters, nephews and nieces, share and share alike.

The will we think sufficiently distinguishes between the separate and the community property of the estate.

[2] In the matter of the exclusion of the offered testimony of the witness C. H. Jones, as to the statement of the testator that there was no community property "on the issue of the intention of the testator in making his will," there was no error.

[3-5] Extrinsic evidence cannot be introduced to import into the will an intention not apparent on its face and different from that which the language used imports, by proof of other language not contained in the

will, in effect to make a new devise for the testator which he is supposed to have omitted, and not quite consistent with what he has made. No principle connected with the law of wills is more universally and firmly established than that parol evidence will not be heard to contradict, add to, or explain the contents of a will. It is the expressed intention of the testator, that which the will itself by its language imports, that the courts rule upon. Hunt v. White, 24 Tex. 643; Packard v. De Miranda (Tex. Civ. App.) 146 S. W. 211; 40 Cyc. p. 1389; Daugherty v. Rogers, 119 Ind. 254, 20 N. E. 779, 3 L. R. A. 847; Diocese of East Carolina v. Diocese of North Carolina, 102 N. C. 442, 9 S. E. 310, 3 L. R. A. 626; R. C. L. vol. 28, pp. 214, 215, and cases in notes; Heidenheimer v. Bauman, 84 Tex. 174, 19 S. W. 382, 31 Am. St. Rep. 29, in which Judge Stayton, speaking for the Supreme Court, says:

"Parol * * * evidence is never admissible for the purpose of showing a testator's intention by proof of his oral declarations of intent, either as to the persons who shall take his estate or as to what particular part of his estate any one person was intended to receive."

We have concluded that the court was not in error in instructing the jury that the will did not undertake to dispose of the wife's community interest in the estate.

[6, 7] For a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will may be construed as revealing such intention. It is necessary that it be open to no other construction. The law presumes that no man will attempt a testamentary disposition of the property of another. Avery v. Johnson, 108 Tex. 294, 192 S. W. at p. 542, and many cases there cited so holding; Smith v. Butler, 85 Tex. 126, 19 S. W. 1083. Also see Waggoner v. Waggoner, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 644, for cited authorities to the effect that testator, having only partial interest, is presumed to have intended to devise only that interest.

[8, 9] The trial court decreed that the expense of satisfying that provision in the will for the erection of a vault and monument be paid primarily out of the interest of the testator in the community property, if funds from that source be available for the payment thereof, before resorting to the separate estate for such payment. Appellants insist that the vault and monument are a part of the funeral expenses, a community liability, and should be paid for out of community property, and cite Gooch v. Beasley, 137 Tenn. 407, 193 S. W. 132, Mitchell v. De Witt, 20 Tex. 294, and Goldberg v. Zellner (Tex. Com. App.) 235 S. W. 870. Such is the rule in the absence of any direction in the will. The seventh paragraph of the will, however, provides how the funeral expenses and the expense of purchasing the vault and monument shall be raised. The judgment of the court conforms to the provisions of the will as to such expenses.

The case is affirmed.