SAILER v. FURCHE et al. (No. 1076—5290.)

Commission of Appeals of Texas, Section B. Jan. 22, 1930.

Locke, Locke, Stroud & Randolph, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendants in error.

LEDDY, J. The controlling question in this case is whether the will of August Furche, deceased, disclosed a purpose to dispose of the entire community estate of the testator and his wife or only his interest therein.

The pertinent provisions of the will are as follows:

Item 1: "Subject to the payment of my debts, I bequeath to my beloved wife, absolutely, all property, real, personal and mixed, of which I may die seized and possessed, wherever situated; except, however, a certain brick store in Corsicana, Texas, and three lots, each 25x200 feet, on Elm Street in Dallas, Texas, and known by ordinance designation as Nos. 363, 365 and 367, which said property is devised to my beloved wife for her natural life, with the remainder and fee over to my grandchildren, subject to the limitations hereinafter set forth."

Item 2: "Subject to the life estate therein of my said wife, and certain stipulations recited later on in this will, I bequeath to each of my grandchildren, Bertha Carrie and Arthur Furche and William A. Sailer, the children respectively of my deceased son and daughter, the said Corsicana and Dallas City property, share and share alike."

Item 3: "In no event is the possession or legal title to the aforesaid property to rest in my said grandchildren untill the youngest shall have attained the age of twenty-five years."

Item 4: "Should my wife die before that time, then G. H. Schoellkopf and his son Hugo Schoellkopf are vested with the legal title and possession of said property until the said youngest grandchild shall have attained the age of twenty-five years, at which time the said property is to be delivered over to my said grandchildren, share and share alike. Should any one or more of them have died before said time, single and without issue, then his, her or their expectant interest is to vest in and be delivered over to the survivor or survivors in equal parts. And I leave it exclusively with the judgment of the said trustees to distribute the property."

Item 5: "Should all of my grandchildren die before the youngest reaches the age of twenty-five, without marriage or issue: then I bequeath the fee in as well as the life estate to the said property to my said wife. If said grandchildren, or any of them, should die before the youngest reaches twenty-five years of age, leaving a wife or child or children, then such grandchild or grandchildren's interest, under this will, shall vest in such wife, child or children, share and share alike, conditioned, however, that the legal title and possession of all of the aforesaid property shall remain in said trustees until such time as the youngest grandchild, living or dead, would have become twenty-five years of age."

It appears that the Corsicana property referred to in the will was the separate property of the testator, and that the Dallas lots described therein were community property.

The principle is thoroughly settled that a will should not be given the construction that the testator intended to dispose of property not owned by him, unless the language used therein is fairly susceptible of no other construction. Avery v. Johnson, 108 Tex. 294, 192 S. W. 542, 544, and authorities there cited; Smith v. Butler, 85 Tex. 126, 19 S. W. 1083; Hocker v. Piper (Tex. Civ. App.) 2 S. W.(2d) 997.

"For a will to be given the effect of an attempted disposition of property not owned by the testator," says Chief Justice Phillips, in Avery v. Johnson, supra, "it is required that the language of the will conclusively evidence such a purpose."

In the opinion rendered by this distinguished jurist it is distinctly held that: "It is not sufficient that the will may be construed as revealing such an intention. It is necessary that it be open to no other construction"—citing Carroll v. Carroll, 20 Tex. 732; Moss v. Helsley, 60 Tex. 426; Rogers v. Travathan, 67 Tex. 406, 13 S. W. 569; Haley v. Gatewood, 74 Tex. 281, 12 S. W. 25; 2 Underhill on Wills, § 730; Pomeroy's Eq. Jur., §§ 488-9.

In view of the ownership by August Furche of a partial interest in the property devised, does his will, when construed as a whole, disclose an unequivocal indication of an inten-

tion to devise the entire community estate and not merely his interest therein?

■ We think the testator indicated the estate of which he intended to make testamentary disposition in item 1 of the will, wherein he devised to his wife "all property, real, personal and mixed, *of which I may die seized and possessed,* wherever situated." The phrase "seized and possessed" has a well-defined legal meaning. It is uniformly construed to mean ownership. Horton v. Crawford, 10 Tex. 382; Whitehead v. Foley, 28 Tex. 268; Turner v. Moore, 81 Tex. 206, 16 S. W. 929; McNitt v. Turner, 83 U. S. (16 Wall.) 352, 21 L. Ed. 341.

It is therefore proper to consider the will as if the testator had declared his purpose to devise to his wife all of the property *owned by him* at the time of his death. In the will construed in Haley v. Gatewood, 74 Tex. 281, 12 S. W. 25, 26, the testator used the language, "I will and bequeath all the estate *I now own and possess,*" and the Supreme Court held: "We do not think this language indicates an intention on the part of the testator to dispose of any property which he did not 'own and possess.'"

Defendants in error rely mainly upon the language used by the testator in excepting certain property from that which was devised in fee to his wife as an indication of a clear intention to dispose of the entire community estate instead of the interest owned by him. Following the devise to his wife, of all of his property of which he might die seized and possessed, he used this language: "Except, however, a certain brick store in Corsicana, Texas, and three lots, each 25x100 feet, on Elm Street in Dallas, Texas, and known by ordinance designation as Nos. 363, 365, and 367, which property is devised to my beloved wife for her natural life, with the remainder and fee over to my grandchildren, subject to the limitations hereinafter set forth."

The only other language in the will which it is claimed throws any light on the testator's intention in this respect is the reference to the above property as "said property" and "aforesaid property" in subsequent clauses of the will.

■ It is argued that the specific designation of the Corsicana and Dallas property discloses an unmistakable intention on the part of the testator to dispose of the entire community estate and not merely his interest therein. If the language relied upon stood alone, there would be much force in this contention. It is not proper, however, to arrive at the intention of a testator by considering isolated portions of his will. In order to fairly ascertain his intention, such will must be construed in its entirety.

It must be borne in mind that the specific designation of the Corsicana and Dallas property is made in connection with an exception, which could only operate to take these particular pieces of property out of the particular estate with which Furche was dealing in making a testamentary disposition of his property, as an exception is always construed to be a part of the thing granted. In other words, the property excepted would have been within the property devised in fee, that is, property of which he died *seized and possessed,* unless it had been excepted therefrom. 2 Devlin on Real Estate, § 979; Anvil Mining Co. v. Humble, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814.

■ It is universally held that an exception in a deed or a will is something existing as a part of the thing granted or devised but which is excepted from the operation of the instrument. South Texas Mortgage Company v. Coe (Tex. Civ. App.) 166 S. W. 419; Deaver v. Aaron, 159 Ga. 597, 126 S. E. 382, 39 A. L. R. 126; Barrett v. Kansas & T. Coal Company, 70 Kan. 649, 79 P. 150; Dyson v. Bux, 84 Kan. 596, 114 P. 1092; Read v. Loftus, 82 Kan. 485, 108 P. 850, 31 L. R. A. (N. S.) 457; N. & M. Friedman Co. v. Atlas Assur. Co., 133 Mich. 212, 94 N. W. 757; State ex rel. Crow v. City of St. Louis, 174 Mo. 125, 73 S. W. 629, 61 L. R. A. 593; Rowell v. Janvrin, 151 N. Y. 66, 45 N. E. 398; Gould v. Glass, 19 Barb. (N. Y.) 179.

If the testator had not made the exception with reference to the Dallas and Corsicana property, but had permitted it to be included in the devise to his wife in fee, the contention could not be seriously made that he was attempting to deal with any property other than his interest in the community. That the language used in devising all of the property of which he "might die seized and possessed," standing alone, would indicate an intention to dispose only of property owned by him, would be too clear to admit of controversy. The effect of the exception made by the testator of the Dallas and Corsicana property was to carve out certain property from that he was making disposition of for the purpose of fixing a different character of estate in his wife than was vested as to other property he had devised to her. It was removed from the class of property which the testator was disposing of in order to limit the wife's interest to a life estate therein. The testator's reference to the Dallas and Corsicana lots by giving the lot numbers and dimensions of the Dallas property was merely for the purpose of identifying the property he desired to except from that given to his wife in fee. The subsequent reference to this property as "said property" and "aforesaid property" adds no additional strength to the description given in the exception.

■ We think greater weight should be given the testator's declaration as to what property he is intending to dispose of than should be given to the inference arising from the mere description of the lots by numbers, location, or measurements, as a testator must necessarily make some identification of pieces of property where he specially deals with

them. This he must do where he is disposing of his interest in the property as much so as where he is disposing of the entire property. In either event, there must be some general description given of the property for purposes of identification. The fact that the testator described the property by a general description sufficiently broad to include the entire property will not be given controlling effect, as to do so would bring about a conflict with other language in the will indicating a purpose to devise only the interest owned by him.

We conclude that the language used by the testator in the first item of his will indicating his intention as to what property he is attempting to dispose of is more definite and specific than the mere general description of the property. It is true the description he gives of the property is broad enough to include the entire property, but it is likewise true that such description includes his interest therein. When the testator indicated his intention to dispose of all property owned by him at the time of his death, the language used is not broad enough to include property which at that time might be owned by some one else; hence there is but one construction that can be given this language, while the general description of the lot is fairly susceptible of two constructions.

█ If it should be assumed that the testator's description of specific property of itself reveals a purpose to devise the entire property by his will, still, under a well-settled rule of construction, we could not construe the will as disposing of the entire community estate, for the reason that the language hereinbefore referred to in item 1 evidences a purpose to only dispose of property owned by him at the time of his death. To give the will such construction would render it equivocal and ambiguous. The rule seems to be thoroughly established that if a will is ambiguous as to the intention of the testator in this respect, then it should be given the construction that only the interest owned by him was intended to pass under its terms. As is said by Chief Justice Stayton in Rogers v. Trevathan, 67 Tex. 409, 3 S. W. 569, 570: "Were the terms of the will ambiguous, the testator would be presumed to have intended to devise. *only his interest in the*" *property*.

██ Counsel for both sides have shown commendable zeal in assembling, reviewing, and analyzing authorities by the courts of this and other states involving the construction of wills somewhat similar to the one here under consideration. In none of the cases, however, is the construction given of the particular will decisive of the question here presented, as the numerous wills involved in these cases vary in the use of different language or expressions by the testator. It is therefore difficult to say that the decision in any particular case is decisive of the proper construction to be given the will in this case. After all is said, each case must depend upon the ascertainment of the intention of the testator as manifested by the language used by him in making the disposition of the property involved. In determining his purpose and intention we must be guided by the well-established rules laid down by our courts for ascertaining the purpose and intention of the testator.

A careful consideration of all the provisions of the will in the light of well-settled rules of construction leaves us unable to say either that it conclusively appears that the intention of the testator was to dispose of the entire community estate or that the language used therein is fairly susceptible of no other construction.

There are many cases where the courts of this state, in construing language very similar to that used in the will under consideration, have reached a conclusion in harmony with that announced by us. Avery v. Johnson, 108 Tex. 294, 192 S. W. 542; Carroll v. Carroll, 20 Tex. 731; Haley v. Gatewood, 74 Tex. 281, 12 S. W. 25; Sauvage v. Wauhop (Tex. Civ. App.) 143 S. W. 259; Swilley v. Phillips (Tex. Civ. App.) 169 S. W. 1117; Cox v. George (Tex. Civ. App.) 184 S. W. 326; Rogers v. Trevathan, 67 Tex. 406, 3 S. W. 569; Floyd v. Seay (Tex. Civ. App.) 196 S. W. 237; Sutton v. Harvey, 24 Tex. Civ. App. 26, 57 S. W. 879; Parker v. Parker, 10 Tex. 83; Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479; Payne v. Farley (Tex. Civ. App.) 178 S. W. 793; Edds v. Edds (Tex. Civ. App.) 282 S. W. 638; Hocker v. Piper (Tex. Civ. App.) 2 S.W.(2d) 997; Vaughn v. Vaughn (Tex. Civ. App.) 287 S. W. 687.

The conclusion reached renders all other errors assigned immaterial.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.