**FORD et al. v. BACHMAN et al.**

No. 11717.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1947.

Rehearing Denied July 16, 1947.

Kampmann & Burney, of San Antonio, for appellants.

Hart & Brown, of Austin, for appellees.

MURRAY, Justice.

This is a suit to have the will of J. A. Bachman, deceased, construed. The suit was instituted by J. Stanley Ford, Jr., and D. G. (Dana) Ford, against Eula B. Bachman, both individually and as independent executrix of the estate of J. A. Bachman, deceased, and Ella B. Jones.

The trial was before the court without a jury and resulted in judgment favorable to Eula B. Bachman, and from certain parts of that judgment J. Stanley Ford, Jr., and Dana G. Ford have prosecuted this appeal.

Appellants present two points reading as follows:

"Point One

"The will of J. A. Bachman, Deceased, and codicils thereto (will being dated October 1, 1936; the first codicil dated July 1, 1938, and the Second codicil dated June 18, 1941) properly construed, devise and bequeath and dispose of all of the separate property of the testator and the entire community property of himself and his wife held by them at the date of his death.

"Point Two

"The codicil to the will of J. A. Bachman, Deceased, dated June 18, 1941, properly construed, devises and bequeaths to the Appellants, J. Stanley Ford, Jr., and D. G. (Dana) Ford the entire tract therein described, subject only to the life estate of Appellee Eula B. Bachman."

The will of J. A. Bachman, deceased, herein involved, was in the form of an original instrument dated October 1, 1936, wholly in the handwriting of the testator and two codicils, one dated July 1, 1938, and the other dated June 18, 1941.

The will and two codicils are as follows:
                    "Pipe Creek, Texas
                    October 1st, 1936.

This my last will and testimony all others made by me is hereby revoked and cancelled and distroyed.

After my just debts and expenses are paid, then I want my Daughter Ella B. Jones to have my Uvalue County Ranch just so long as she lives, at which time then I want it to go to my Grandsons, Dana and Stanley Ford.

My dear wife, Eula B. Bachman is to have all my life insurance, which is made payable to her and all personal property on her ranch. All my estate not mentioned above is to—divided as follows:

1/3 to my wife Eula B. Bachman

1/3 to my Daughter Ella B. Jones

1/3 to my Grandsons, Dana and Stanley Ford

Eula B. Bachman, my wife, to be Sole Executrix of this, my last will, without Bond.

Should any of my heirs contest this, my last will, then their interest herein is hereby automatically revoked.

                              J. A. Bachman."
                    "Fair View Ranch
                    Pipe Creek, Texas,
                    July 1st, 1938.

This is to show that one Louis Richter is employed by us at this time, and has been for a long time, off and on.

Should the said Richter remain faithfully with me, from now on thru my whole physical existance he is then to get out of my estate $1000.00.

This is not to effect my pryor will in any manner whatsoever except as to this.

J. A. Bachman."

"The State of Texas,
County of Bandera.

Whereas I, J. A. Bachman of the County of Bandera and State of Texas, have heretofore made my last will, wholly written by myself and bearing date the 1st day of October, A. D. 1936; Now I do by this instrument which I declare to be a codicil to my said will, to be taken as a part thereof, I give and bequeath to My Beloved Wife, Eula B. Bachman, 3450 acres of land, situated and being in Uvalde County, Texas, known as the Donoho Ranch, and fully described in deeds of Conveyance by W. T. Donoho and wife Mildred Donoho and Myrtle Donoho widow of Harvey S. Donoho to J. A. Bachman dated the 10th day of April, A. D. 1941, recorded in Volume 92, pages 193–195, Uvalde County Deed Records; Deed from Myrtle Donoho to J. A. Bachman, dated April 10, A. D. 1941, recorded in Vol. 92, pages 192–193, Uvalde County Deed Records; and by deed of conveyance from Elmina Donoho to J. A. Bachman, dated the 11th day of April, 1941, recorded in Vol. 92, pages 191–193 Uvalde County Deed Records.

All the revenues, rents and all income from said land to be used and held by Eula B. Bachman during her lifetime and at her death the said land is to go to my grandsons Danna Ford and Stanley Ford.

But it is understood that this tract of land is to be used, cultivated and controlled in every way by the said Eula B. Bachman, without any interference by anyone, during her lifetime.

Witness my hand this 18th day of June, A. D. 1941.

J. A. Bachman."

J. A. Bachman's first wife, Addie Bachman, died early in the year 1924, leaving all of her property to him, and thereafter J. A. Bachman married his second wife, Eula B. Bachman, on October 20, 1924. Appellants are the grandsons of J. A. Bachman and Addie Bachman. There were no children born of the second marriage. On July 3, 1941, J. A. Bachman died leaving the above will and two codicils, which we are here called upon to construe.

The specific question to be decided is, did J. A. Bachman, deceased, intend by the provisions of the second codicil, dated June 18, 1941, to devise and bequeath only his community interest in the 3450 acres of land located in Uvalde County, known as the Donoho Ranch, to his wife, Eula B. Bachman, for life, with the remainder to appellants, or was he undertaking to deal with the entire property, thus putting Eula B. Bachman to an election as to whether or not she would take under the will or claim her community interest and not take under the will.

No better statement of the law here applicable can be found than that in 44 Tex.Jur. p. 736, §§ 171, 288, reading as follows:

"§ 171. Disposal of Property not Owned by Testator.—As a general rule, a will is to be construed as referring only to property owned by the testator or to his interest in property owned in common with another person. If the testator's language is fairly susceptible of any other construction, it will not be construed as a disposal or attempted disposal of property not owned by him.

"For the will to be given the effect of an attempted disposition of property not owned, the language must conclusively evidence such a purpose. Thus the intention of a husband or wife to dispose by will of the interest of his or her connubial partner in the community property must be evidenced by clear and explicit language. And the fact that the testator designated certain property by a general description, sufficiently broad to include the entire property, will not be given controlling effect when to do so would bring about a conflict with other language indicating a purpose to devise only the interest which he owned. * * *

§ 288. Intention on Part of Testator to Dispose of Other's Property.—If the testator was a part owner of property which is disposed of by the will, the showing as to whether he intended to dispose of all of the property is determinative of the question as to whether the other part owner, having accepted the provisions of the will, is to be deemed to have elected to renounce his rights as coowner. Primarily, a presumption will be indulged that the testator intended to confine the devise or bequest to his part of the property; and a conclusion that his purpose was to dispose of his coowner's part as well as his own is sustainable only where the will expresses this intention explicitly, in 'clear and unequivocal' language, or by necessary implication.

"Accordingly, it is held that an election by the widow of the testator is not necessitated by the provisions of the will where there is nothing in the instrument to indicate that the testator intended to dispose of any more than his one-half of the property which appertained to the community estate. A devise or bequest of 'my' property will be taken to refer to the testator's interest in the property, and not to have reference to the interest of the surviving spouse. 'The language used in the will, "my estate," "the rents and revenues of my estate," "all my property, real, personal and mixed," does not indicate the desire to interfere in any manner with the wife's community estate; and the bequest to her of a life estate in her husband's community estate did not cause her to lose her own interest in the estate.'

" 'Where the language used is ambiguous and leaves it uncertain as to whether the testator is referring only to his own interest or intends to include that which belongs to his wife, the instrument should be considered as referring to that interest which the testator might lawfully dispose of.' "

The above text is well supported by citation of an abundance of authorities.

With these general rules of construction in mind, let us consider the will before us. The testator first bequeaths his Uvalde County Ranch to his daughter, Ella B. Jones, for life, with remainder to appellants. This ranch was unquestionably his separate property and this bequest is not questioned.

He next gives to his wife, Eula B. Bachman, all of his life insurance, which he states is payable to her and therefore already hers, and all of the personal property on her ranch. No questions are raised as to this bequest, as it is immaterial whether he intended to dispose of the entire property or only his community interest, because in any event she became the absolute owner of all the personal property on her ranch.

He then provides that "all my estate not mentioned above" is to be divided as follows:

"⅓ to my wife Eula B. Bachman

⅓ to my Daughter Ella B. Jones

⅓ to my Grandsons, Dana and Stanley Ford"

Next comes the codicil of July 1, 1938, whereby he gives to Louis Richter the sum of $1,000. This $1,000 is clearly to be paid out of "all my estate not mentioned above." In other words, before the residue of his estate should be divided in three parts and disposed of as above indicated there should first be paid out of such residue the sum of $1,000 to Louis Richter.

This brings us to a consideration of the codicil of June 18, 1941, which is the basis of the controversy herein.

The effect of this codicil is to say that before the residue of my estate is divided into thirds and disposed of as previously directed, the 3,450 acres of land, known as the Donoho Ranch, shall be given to my wife, Eula B. Bachman, for life, with remainder to my two grandsons. In other words, this bequest was to be out of the residue of his estate. We therefore conclude that he was bequeathing his estate in the Donoho Ranch and not that part that did not belong to him. 44 Tex.Jur. p. 868, § 288; Sauvage v. Wauhop, Tex.Civ.App., 143 S.W. 259.

The trial judge found that the Donoho Ranch was the community property of testator and his wife, Eula B. Bachman, and this finding is not questioned here. If we are required, as stated in Pomeroy, to "lean as far as possible in favor of an interpretation which shows an intention of the

testator to give only the interest, estate, or share which he is enabled, by virtue of his own right, to deal with" we cannot escape the above conclusion.

Certainly the language of the will is not clear and unequivocal that testator intended to dispose of that which was not his own. The language certainly does not preclude any interpretation other than that testator was giving that which he was not entitled to give and which was not his own.

■ When the will and codicil are construed together the bequest of the Donoho Ranch was to come out of his estate, "my estate." The use of such words as "my estate" negatives an intention to bequeath that which one does not own. 44 Tex.Jur. p. 868, § 288; Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494; Sauvage v. Wauhop, Tex. Civ.App., 143 S.W. 259; Arrington v. McDaniel, Tex.Civ.App., 4 S.W.2d 262; Slavin v. Greever, Tex.Civ.App., 209 S.W. 479; Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065.

■ The statement that he is bequeathing his estate "my estate" is given controlling effect over the general description of the property contained in the second codicil. It is true that his reference to "my estate" is contained in the original instrument, while the general description of the property is contained in the second codicil executed several years later, but such instruments are to be construed together and as though they had been executed at one and the same time. Watson v. Lindsley, Tex.Civ.App., 2 S.W.2d 339.

Appellants present the following argument:

"From the pleadings and the undisputed facts in this case it is shown that at the time of the execution by the testator, J. A. Bachman, of his will in 1936, he was possessed of a large personal estate, a small tract of land in Bastrop County and about 1832 acres in Uvalde County. Prior to that date he had given to his children, his grandchildren and his wife all of the balance of his real estate. Then in 1936 he makes a will by which he devises the Uvalde County ranch to his daughter and to his grandsons, all of his life insurance to

his wife and the balance of his estate one-third (⅓rd) to his wife, one-third (⅓rd) to his daughter and one-third (⅓rd) to his two grandsons. This will was in the handwriting of the testator, a man at that time approximately eighty-one years of age. This property was the result of a lifetime of labor and savings. When he married Mrs. Eula B. Bachman in 1924 he was a man of approximately seventy years of age and all of the property he then had, real, personal and mixed, was his separate property. It is reasonable to believe that when twelve years later he speaks of 'my estate' that he was referring to all of the property standing in his name and over which he had had control, that is to say the entire community and separate estate. Furthermore, it is undisputed that the 1832 acre tract in Uvalde County mentioned in the original will was the separate property of the testator. The ranch referred to in the third item was the ranch in Bandera County, which was the separate property of Mr. Bachman and given to Mrs. Bachman during the lifetime of the testator. He gives Mrs. Bachman all of his life insurance and the phrase 'all personal property located on her ranch' must by necessity include all personal property located thereon, whether the same be his separate property or community property.

"With his estate and his will in this condition and under the circumstances surrounding him such as they were, the testator, in the spring of 1941, purchases the Donoho Ranch and pays $50,000.00 cash therefor. He evidently does not desire that this ranch should be disposed of in accordance with his original will. He therefore executes the codicil of June 18, 1941, set out above.

"It is the contention of the Appellants that this codicil clearly shows the intention of the testator to deal with the entire title of this tract of land. In this codicil the testator gives and bequeaths to his wife '3450 acres in Uvalde County, known as the Donoho Ranch.' He then gives the legal description of the ranch by referring to the deeds conveying the property to him. Can it be doubted that if the testator in this codicil of 1941 had stopped at the end of

the first paragraph that anyone would have doubted that he was dealing with the entire 3450 acres whether the same was separate or community? He mentions the tract of land by acreage. He does not state that he is bequeathing his interest in that land but he gives and bequeaths to Mrs. Bachman 3450 acres and then describes it.

"In the second paragraph of. that codicil the testator says that all of the rents, revenues and income from *said land* to be used by Eula B. Bachman for her lifetime. The third paragraph and last paragraph of this codicil states that it is understood that 'this tract of land is to be used, cultivated and controlled in every way by the said Eula B. Bachman without any interference by anyone during her lifetime.' When the testator uses the phrases 'said land' and 'this tract of land' he must be referring to the entire tract and the entire title to the tract of 3450 acres. These phrases 'said land' and 'this tract of land' refer back to the original description of 3450 acres and include the entire tract. This language is inconsistent with any intention to devise only his interest in the tract." ·

These surrounding circumstances carry some persuasion that testator may have intended that his grandsons, appellants here, should have the entire 3450 acres in Uvalde County after the death of his second wife, but they are not sufficient to overcome the presumption that a person will not undertake the testamentary disposition of property which he does not own, nor that rule for the construction of wills to the effect that where a testator undertakes to devise or bequeath property of which he is only part owner, by a general description of such property, it will be presumed that he intended to dispose of only his undivided interest therein, unless the opposite intention is clearly and unequivocally expressed. Avery v. Johnson, 108 Tex. 294, 192 S.W. 542. Further, where such terms as "my estate" are used rendering the general description of the property ambiguous, then it must be presumed that the testator intended to bequeath only his interest in such property. A will should not be given the construction that the testator intended to dispose of property not his own, unless no other construction is possible. Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065.

Accordingly, the judgment of the trial court is affirmed.