THOMAS SUTTON v. ALLIE L. HARVEY AND HUSBAND.

Decided May 18, 1900.

1. Will—Construction—Devise of Community Property.

Under a will reciting the principal part of the estate of the testatrix to be community property of herself and husband, and devising all her estate to her husband and her daughter, share and share alike, the daughter takes only one half the community interest of the testatrix in the joint estate of herself and husband, and not all of such community half interest.

**2. Same—Guardian and Ward—Settlement.**

Where the will of a wife made the husband guardian of the person and estate of her daughter, giving him full power to manage and control the joint estate devised to him and the daughter until the latter should marry or become of age, and requesting him to then turn over to her half the estate devised, or what might then be in his possession, or the proceeds thereof, the husband, on final settlement with the daughter, was liable to her for her share of the surplus of the proceeds of community real estate sold to pay community debts, and or moneys collected which were the separate estate of the testatrix, on hand and unexpended in the daughter's behalf at the time she married.

APPEAL from Austin. Tried below before Hon. H. TEICHMUELLER.

*Joseph H. Shelbourne, J. P. Bell,* and *Searcy & Garrett,* for appellant.

*A. Chesley,* for appellees.

GARRETT, CHIEF JUSTICE.—Fannie Sutton, wife of the appellant, Thomas Sutton, died testate March 21, 1893, possessed of her share of a small estate owned in community with her husband, who survived her. She also owned in her separate right a claim for money, which was collected after her death. She left one child, the appellee Allie L. Harvey, who was then a minor and unmarried. The child is a daughter by a former marriage. This suit was brought December 23, 1899, by the daughter, joined by her husband, against the appellant, her step-father, for the construction of the will of Fannie Sutton and the partition of the property. The will is not in the statement of facts, but what purports to be a copy is attached to the plaintiffs' petition, and both parties copy it in their briefs as the will in question. As the copy attached to the petition is accepted by both parties without dispute, we have concluded to consider it. It is as follows:

"I, Fannie Sutton, wife of Thomas Sutton, of Austin County, being of sound mind, but ill in body, and conscious of approaching dissolution, do make, publish, and declare this as and for my last will and testament, hereby revoking any and all wills by me at any time heretofore made.

"1. The principal portion of the estate of which I am possessed is, and I desire that it be understood that all of it is, community property of myself and husband, Thomas Sutton, and I give, devise, and bequeath all my estate, real, personal, and mixed, to my said husband, Thomas Sutton, and to my daughter Allie, to have and to hold jointly, share and share alike, having full confidence in the integrity and judgment of my husband, the said Thomas Sutton, and believing that he feels a greater affection for and interest in my said daughter Allie than any other person except myself, I desire that he be the guardian of her estate, and that he have the full management, care, control, and custody of the same until she arrives at the age of majority or marriage, with full power to sell any of said property without any orders or proceedings in court, and to execute any and all deeds, releases, or acquittals necessary or proper in the management, control, or sale of said estate, or any part thereof, and when my daughter Allie shall have arrived at the age of

legal majority or married, I desire that he turn over to her one-half of my estate, or what may then be in his possession, or the proceeds thereof, it being my intention that he shall manage our joint estate to the best advantage of himself and our daughter Allie during her minority, and that on her attaining her majority she shall come into possession of her moiety.

"2. I nominate and constitute my husband, Thomas Sutton, executor of this will and guardian of the person and estate of our daughter Allie, and direct that he shall not be required to give bond in either capacity, and that no proceeding be had in court in reference to this will, further than probating this will and filing an inventory. To my beloved husband and darling child I leave the blessings of a wife and mother, and commend them to the divine power that will sustain them in all their trials."

It appeared from the evidence that the entire property left by the testatrix, except a small claim, was the community property of herself and husband. That part of it on hand when the suit was brought is described in the judgment of the court below, unless the surplus of a lot sold and claim collected should still be on hand. When the testatrix died her husband owed $700 of community debts. After his wife's death he sold a lot belonging to the community estate for $1000, out of which he paid the community debts. He collected the claim belonging to the separate estate of his wife, amounting to $201.75, after deducting attorney fees. When Sutton married the testatrix she had in her own right $1800 in money, but this had all been expended at the time of her death, and none of it had entered into the purchase or improvement of any of the property on hand acquired during the marriage.

The court below construed the will as a devise of all of the share of the testatrix in the community estate of herself and husband to her daughter, and directed partition of the entire estate, one-half to the husband and one-half to the daughter. The judgment of the court describes the property to be partitioned as all of the property then on hand, and does not charge the appellant with the $300 excess of proceeds of sale of the lot above the amount of the community debts paid by the husband or the $201.75 collected of the separate means of the testatrix. Both parties have assigned error in the judgment,—appellant in the construction of the will as a devise of the entire share of the testatrix in the community estate to her daughter, and the appellees on account of the refusal of the court to charge the appellant with the excess of the proceeds of the sale of the lot over the community debts and the money collected upon the separate claim of the testatrix.

We are of the opinion that the court below erred in its construction of the will. The intent of the testatrix must be ascertained from the language of the will, and if this is obscure, it must be arrived at in the light of the situation of the parties and the circumstances surrounding them. Nearly all of the property belonging to the deceased

was her share of the community estate. At the outset of the will she states that the principal portion of the estate of which she is possessed is community property of herself and her husband. This does not express an intention to deal with the entire estate, but is rather an inapt expression to show that the property owned by her consisted principally of her share of the community estate. It shows a recognition of the fact that she only owned one-half of the property in the possession of her husband. The testatrix then proceeds to dispose of her own property, devising it to her husband and daughter share and share alike. It will not be presumed that the testatrix undertook to devise property that she did not own. The devise is of her property generally. There is no such description or any devise of any specific parcel that would show that she was undertaking to dispose of the entire property belonging to community estate of herself and her husband. Every bequest imports a bounty, and if the construction of the will contended for by the appellees were to be given to it there would be no gift of any property by the testatrix to her husband. The intent on the part of the husband or wife to dispose by will of the share of the other in the community property must be evidenced by clear and explicit language. Carroll v. Carroll, 20 Texas, 743; Moss v. Helsey, 60 Texas, 435; Haley v. Gatewood, 74 Texas, 284. It is true that the effect of this will, even to give it the construction contended for by the appellees, would be to leave the husband in full possession of his entire share of the community, and that there would be no attempt to devise any of it to any other person, but when the testatrix undertakes to dispose of all her estate it will not be presumed that she was attempting to dispose of the entire community estate, and giving to her husband that which was already his own. Every expression and provision of the will is consistent with the fact that the testatrix had reference only to her share in the community. After providing for the care, control, and custody of the property until her daughter should arrive of age or marry, she directs that her husband should turn over to the daughter "one half of my estate." The expression of the intention that "he shall manage our joint estate to the best advantage of himself and our daughter Allie during her minority, and that on attaining her majority she shall come into possession of her moiety," is still consistent with the intention to devise to the daughter only one-half of the community share of the testatrix. Moiety means "a half," but it may be referred to the half of the property which the testatrix owned. The express recognition of the husband's community interest in the property and the use of the words "all my estate" in the disposing language of the will make it reasonably certain that the testatrix intended only to give her daughter one half of her community interest in the joint estate of herself and husband.

The will gives the husband full control of the property, and directs him to turn over to the daughter when she shall arrive at age or marry, "her one half of the estate, or what may then be in his posses-

sion or the proceeds thereof." Taken in connection with other parts of the will making him virtually her trustee, it appears that it was not intended that the appellant should account to the daughter for the proceeds of property that had been expended in her support and maintenance; but he should be required to account for her share of the surplus proceeds of the lot sold and of the claim collected, if it was still on hand.

The judgment recites that the property described therein is all that is on hand. The court also held that the appellant should not be required to account for the money received, but the evidence does not show that it was never expended and was not on hand when the daughter married. If on hand, the appellee would be entitled to one-half of the surplus proceeds of the lot sold, one-half of the principal of the claim collected, and one-fourth of the interest thereon accruing before the death of the testatrix, less the attorney fee.

The judgment of the court below will be reversed and the cause remanded with instructions to the court to give construction to the will as herein indicated, and to ascertain if any of the above mentioned proceeds of the lot and claim were on hand and to make partition as herein indicated.

*Reversed and remanded.*

Application for writ of error, on the ground that the above judgment practically settled the case, was dismissed by the Supreme Court, with written opinion. See 94 Texas, —.