### ALLIE L. HARVEY ET AL. v. THOMAS SUTTON.

Application No. 2786.  Decided October 8, 1900.

**1.   Jurisdiction of Supreme Court—Judgment Settling Remanded Case.**

To give the Supreme Court jurisdiction over a case reversed and remanded on appeal the record must show that the whole case, not merely the main question, is practically determined, so that the Supreme Court can enter final judgment.   (P. 80.)

**2.   Same.**

On appeal from a judgment construing a will to bequeath to a daughter all the testator's community interest, and so settling the accounting of the surviving husband and guardian, the will was held to bequeath the testator's community interest to the daughter and husband in equal shares, and the case remanded for an accounting in accordance with such construction.   Held, that the Supreme Court had no jurisdiction.   (Pp. 80, 81.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in an appeal from Austin County.

*A. Chesley*, for petitioners.

GAINES, CHIEF JUSTICE.—The judgment of the District Court in this case was reversed by the Court of Civil Appeals and the cause re-

manded. The applicants seek to give jurisdiction of the application for the writ of error by averring that the judgment of the latter court "practically settles the case."

Fannie Sutton died testate, leaving a husband, the defendant in the application, and a daughter by a former marriage to whom she devised her estate. The daughter, Sallie L. Harvey, and her husband, are the applicants for the writ of error. The will, after declaring that all her property is the community property of testatrix and her husband, devises all of it to him and her daughter in equal shares and provides that he shall be the guardian of the daughter and shall have the management of the property until the latter marries or attains her majority.

The suit was brought by Mrs. Harvey, joined by her husband, asking a construction of the will, for a settlement of the trust and accounting on part of the trustee, and for a partition of the property and a decree for such sum as might be found due to her according to the terms of the will. The District Court determined that the effect of the will was to devise the testatrix's half of the community estate to her daughter and entered a decree in accordance with that view of the law. The Court of Civil Appeals, however, held that this was erroneous; that the daughter was entitled only to one-half of the testatrix's half of the community property, and reversed the judgment and remanded the cause with instructions, in effect, to try the case in accordance with their construction of the will, and to ascertain what sum of money was due her under that construction.

In order to give this court jurisdiction of a remanded cause on the ground that the decision of the Court of Civil Appeals practically settles the case, the fact must not only be averred, but it must also appear from the record that upon the evidence adduced upon the trial, the decision of the Court of Civil Appeals is decisive of all the issues made by the pleadings. In other words, it must also appear that the case and the whole case is practically determined. Furthermore, the statute requires that in case this court takes jurisdiction and affirms the decision of the Court of Civil Appeals, it shall enter final judgment for the defendant in error. Rev. Stats., art. 941.

The question in the case is,—was Mrs. Harvey entitled to a half or the whole of her mother's half of the community property? That is clearly the main—we might say the fundamental—question to be determined. It is determined for the time being by the decision of the Court of Civil Appeals. But there is another to be determined,—one which is expressly left open and for the determination of which the cause is sent back for a new trial and that is, how much is due Mrs. Harvey upon a proper accounting between her and the trustee? That question not being determined, the case is neither actually nor virtually settled. Again, until the amount due Mrs. Harvey under the will as construed by the appellate court is fixed, we do not see that we could

render a final judgment in the case, although we might concur with the court in its opinion.

We therefore conclude that we are without jurisdiction of the case and the application is accordingly dismissed.

*Dismissed.*