In the Matter of the ESTATE of Roy
FURR, Deceased.

No. 8836.

Court of Civil Appeals of Texas,
Amarillo.

June 30, 1977.

Rehearing Denied July 25, 1977.

McGinnis, Lochridge & Kilgore, Morgan
Hunter, Austin, McCleskey, Harriger, Bra-
zill & Graf, Lubbock, for appellant.

Crenshaw, Dupree & Milam, James H.
Milam, and Cecil C. Kuhne Jr., Lubbock, for
appellees.

REYNOLDS, Justice.

The trial court, upon application of the
surviving wife authorized by V.T.C.A., Pro-
bate Code § 385 (1956), and the court's

approval of her corporate surety bond, summarily decreed a partition of the community estate into two equal moieties despite the contestant's pleading that partitioning controlling blocks of corporate shares of stock into halves containing the same number of shares involves a fact issue whether the sum of the halves equals the value of the whole. Affirmed.

Roy Furr died testate on 13 June 1975, survived by his wife, Lela Rosellen Furr, and their three children, Roy K. Furr, Don G. Furr and Rose Shelley Furr Hall. Upon the declination by Mrs. Furr to qualify as the named independent executrix, the three children, Roy, Don and Shelley, qualified as the independent executors and executrix conditionally named in the will.

According to the filed inventory, appraisement and list of claims for Roy Furr's estate, Mr. and Mrs. Furr had accumulated a community estate with assets exceeding $7,000,000, over $6,000,000 of which consisted of shares of stock in various corporations, some of which were family controlled. Community debts approached $5,000,000, and problems developed with respect to proposals to liquidate the debts. The proposal of executors Roy and Don that certain shares of stock be redeemed from the estate by the issuing corporations to generate cash to pay the debts was objected to by executrix Shelley. The executors' proposal was declared violative of V.T.C.A., Probate Code § 352 (1956), and enjoined by the district court. That judgment was affirmed this day. *Roy K. Furr and Don G. Furr v. Shelley Furr Hall*, 553 S.W.2d 666 (Tex. Civ.App.—Amarillo, 1977).

Between the hearing and the entry of judgment in that proceeding, Mrs. Lela Rosellen Furr applied to the probate court for a partition of the community property pursuant to V.T.C.A., Probate Code § 385 (1956).* Citations issued to the executors and executrix. Executors Roy and Don answered, admitting Mrs. Furr's right to one-half of the community property upon her compliance with the Probate Code provisions. Executrix Shelley contested the application for partition by a general denial and, upon her motion, the proceedings were transferred to the district court. There, Mrs. Furr, complying with the requirement of § 385,ʳ filed a corporate surety bond in the amount of $3,462,931.55, which was approved by the court.

Following the submission of interrogatories to and response by Mrs. Furr, Shelley amended her contest by alleging, among other matters, that all of the stockholdings of the community in Furr's, Inc., Furr Realty Company, Crone Oil Company and Caprock Toys, Inc., are not capable of a fair and equal partition and distribution. She sought the appointment of a receiver, in place of the co-executors, to sell the shares of stock to pay the debts, taxes and expenses. Depositions were taken.

Mrs. Furr moved, on the strength of the pleadings and exhibits from the probate proceedings in the estate of Roy Furr showing the applicability of § 385, for summary judgment. Shelley again amended her contest and request for the appointment of a receiver. By her amended pleadings it was alleged, together with other matters, that the community shareholdings in Furr's Inc., in Furr Realty Company, in Crone Oil Company and in Caprock Toys, Inc., are not capable of a fair and equal partition and distribution in kind because: (1) the community shareholdings are sufficient to allow the owner or owners to control each corporation; (2) the shares can be sold as a single unit at their fair market value, but if a division in kind of the shares is made, the value of the two groups of shares would not equal the value of the shares sold in one unit; and (3) the two groups of shares would not be of equal value, even though equal in number, since only one group of the shares would be needed for control when combined with shares held by individuals not parties to this suit.

Hearing the motion for summary judgment, the trial court, after reciting that

. . . it having been agreed and stipulated that the community or sepa-

* All citations of sections refer to the sections appearing in V.T.C.A., Probate Code (1956).

rate character of each item of property listed in the inventory is correctly shown in the inventory and that all items of community property so shown should and could be partitioned in kind, SAVE AND EXCEPT, the stock (both voting and non-voting) in FURR'S INC., FURR'S REALTY COMPANY, CRONE OIL COMPANY, and CAPROCK TOYS, INC.; . .

found that there is no genuine issue of any material fact and that Mrs. Furr is entitled to judgment as a matter of law.

The court decreed that all of the community property shown in the inventory, appraisement and list of claims, a copy of which was attached to the judgment, be, and is,

. . . partitioned into two equal moieties (each moiety shall contain exactly ½ of all corporate stock and cash, and an undivided ½ interest in all other items of community property) . . ..

Shelley appeals. Her basic contention is that, because a control block of corporate stock is not divisible in kind as a matter of law, the summary judgment denied her a trial on the "fair and equal" issue of fact required to be resolved by the applicability of § 381.

Partition of community property is authorized by § 385 in these words:

(a) Application for Partition. When a husband or wife shall die leaving any community property, the survivor may, at any time after letters testamentary or of administration have been granted, and an inventory, appraisement, and list of claims of the estate have been returned, make application in writing to the court which granted such letters for a partition of such community property.

(b) Bond and Action of the Court. The survivor shall execute and deliver to the judge of said court a bond with a corporate surety or two or more good and sufficient personal sureties, payable to and approved by said judge, for an amount equal to the value of the survivor's interest in such community property, conditioned for the payment of one-half of all debts existing against such community property, and the court shall proceed to make a partition of said community property into two equal moieties, one to be delivered to the survivor and the other to the executor or administrator of the deceased. *The provisions of this Code respecting the partition and distribution of estates shall apply to such partition so far as the same are applicable.* (Emphasis supplied.)

(c) Lien Upon Property Delivered. Whenever such partition is made, a lien shall exist upon the property delivered to the survivor to secure the payment of the aforementioned bond; and any creditor of said community estate may sue in his own name on such bond, and shall have judgment thereon for one-half of such debt as he shall establish, and for the other one-half he shall be entitled to be paid by the executor or administrator of the deceased.

Shelley asserts that the italicized last sentence of § 385(b) invokes the application of § 381, which pertains to partition and distribution of estates and makes, so Shelley argues from cases concerned only with partition of real property, the inquiry whether the assets in controversy are or are not "capable of fair and equal division" in kind a fact issue for the jury. The first two sub-sections of § 381, which Shelley contends are relevant, read:

(a) Finding by the Court. When, in the opinion of the court, the whole or any portion of an estate is not capable of a fair and equal partition and distribution, the court shall make a special finding in writing, specifying therein the property incapable of division.

(b) Order of Sale. When the court has found that the whole or any portion of the estate is not capable of fair and equal division, it shall order a sale of all property which it has found not to be capable of such division. Such sale shall be made by the executor or administrator in the same manner as when sales of real estate are made for the purpose of satisfying debts of the estate, and the proceeds of such

sale, when collected, shall be distributed by the court among those entitled thereto.

■ It is at once obvious that § 381 is inoperable unless the court has made "a special finding in writing" of the fact that all or a part of the estate cannot be fairly and equally partitioned and distributed. Equally obvious from the rendition of summary judgment in the § 385 proceedings is that the court did not make the fact finding necessary to invoke § 381. But that begs the question, for findings of fact have no place in a summary judgment proceeding, the only issue being whether or not there is a genuine issue of material fact in the case. *Reynolds v. Park*, 521 S.W.2d 300, 307 (Tex. Civ.App.—Amarillo 1975, writ ref'd n. r. e.). The actual query, then, must be whether the summary judgment proof established as a matter of law that there is no material issue of fact concerning the essential elements of Mrs. Furr's claim to partition under § 385; otherwise, she would not be entitled to summary judgment. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

■ For the partition, the mandate of § 385 is "two equal moieties." If unambiguous, the statutorily undefined words are to be given their ordinary meaning, *Winder v. King*, 1 S.W.2d 587, 590 (Tex.Com.App. 1928), and every word is to be given effect if reasonable and possible, *Perkins v. State*, 367 S.W.2d 140, 146 (Tex.1963), unless the intent of the legislature manifested by the statute requires the meaning to be restricted or enlarged to give effect to that intent. *Lunsford v. City of Bryan*, 156 Tex. 520, 297 S.W.2d 115, 117 (1957). However, if the language of the statute creates an ambiguity, we must look beyond the terms to discover the legislative intent. *Huntsville Independent School District v. McAdams*, 148 Tex. 120, 221 S.W.2d 546, 547 (1949).

■ In Webster's New International Dictionary (2nd Ed.), the first definition given for "equal" is "(e)xactly the same in measure or amount, however regarded; alike or identical in magnitude, quantity, number or degree." The second definition is "(l)ike in

value, quality, . . . ; neither inferior nor superior; equivalent." The word "moiety" means "(t)he half of anything," Black's Law Dictionary, Fourth Edition, or "one-half," which may be referenced to the half of the property which the testator owned. *Sutton v. Harvey*, 24 Tex.Civ.App. 26, 57 S.W. 879, 881 (Tex.Civ.App.1900), *writ dism'd* 94 Tex. 79, 58 S.W. 833 (1900).

Thus, it is argued here, in effect, that the phrase "two equal moieties" means, by the first definition for which Mrs. Furr contends, one-half of the total number of shares of stock in each corporation; or, that it means, by the second definition for which Shelley contends, that, for partition under § 385, each half of the shares must be alike in value which, because the corporate control aspect affects the values, cannot be achieved as a matter of law by partitioning them into two parts of like number, but is a fact issue under § 381. Readily apparent is the potentiality for ambiguity by definition; however, because of the circumstances of this cause, it is not necessary that we resort to aids in statutory construction to determine which, if either, of the contentions is the valid one.

■ The summary judgment proof contains the inventory, appraisement and list of claims filed for Roy Furr's estate. It was stipulated that the community property is correctly shown therein. The instrument enumerates the number and the value of all the shares of stock in each corporation. From this it is mathematically ascertainable, in the absence of any contrary summary judgment evidence, that the value of one share of stock of a given corporation is equal to that of any other share of stock in the corporation. It becomes a mere matter of calculation to determine and divide the total number of shares of stock into two parts having the same number of shares and the same value. At this point, under each definition of "equal" in the phrase "into two equal moieties," Mrs. Furr had discharged her burden to establish that there was no genuine issue of material fact standing in the way of partition under

§ 385, and that she was entitled to judgment for partition as a matter of law.

As noted, Shelley did, by unverified pleadings, plead that, because of the corporate control aspect, one-half of the total number of shares of stock would not be equal in value to the other one-half. Pleadings simply outline the issues, and since *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971), pleadings, even if sworn to, "are not evidence, even for summary judgment purposes." 462 S.W.2d 543.

Consequently, if Shelley's pleadings be construed as involving no affirmative defense, Mrs. Furr was entitled to the summary judgment when her summary judgment proof established that there was no issue of fact with respect to the truth of every element under § 385 essential to her recovery. 4 McDonald, Texas Civil Practice § 17.26.2, p. 132 (1971). If it be considered, because Shelley argues that she did affirmatively plead the matter of value, that the issue of value was pleaded in avoidance of Mrs. Furr's right to partition under § 385, then Shelley was required, when Mrs. Furr established her right to judgment under § 385, to come forward with summary judgment proof that raised a fact issue of the affirmative defense pleaded. *Gulf, Colorado & Santa Fe Railway Company v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1959). No summary judgment proof bearing on the issue of the value of the shares of stock with respect to corporate control is in the record we review.

Because Mrs. Furr established her right to the summary judgment as a matter of law, we do not notice either her cross-point for dismissal of the appeal or Shelley's two points of error directed to the matters on which the cross-point is predicated.

The judgment is affirmed.

ROBINSON, J., not sitting.