

# The Attorney General of Texas

March 23, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Homer A. Foerster
Executive Director
State Purchasing & General
   Services Commission
L.B.J. State Office Building
Austin, Texas 78711

Opinion No. MW-310

Re: Construction of section 3.08(a)
of article 60lb, V.T.C.S.

Dear Mr. Foerster:

You have requested our opinion regarding this question:

> Is the commission authorized by section 3.08(a) of
> article 60lb, V.T.C.S., to waive all competitive
> bidding requirements, whether formal or informal, on
> delegated purchases under $100?

Article 60lb, V.T.C.S., the State Purchasing and General Services Act,
provides in pertinent part as follows:

> Sec. 3.08. (a) The commission shall establish a
> procedure by which state agencies shall be delegated
> the authority to purchase supplies, materials, and
> equipment if the purchase is less than $500 and shall
> provide in the procedure that formal competitive
> bidding is not required for purchases under $100.
>
> . . . .
>
> (d) Agencies making purchases under this section
> must attempt to obtain at least three competitive
> bids from sources which normally offer for sale the
> merchandise being purchased.
>
> . . . .
>
> Sec. 3.10. . . . All purchases of and contracts
> for supplies, materials, services, and equipment shall,
> except as provided herein, be based whenever possible
> on competitive bids.

You state that the commission delegates authority to make such purchases to agencies under its Rule 028.12.01.059(b), but that it asks agencies to take a minimum of three informal competitive bids where possible. The rule does not distinguish between bids under $500 and those under $100, but requires an attempt at competitive bidding in each instance. You further state that the term "formal competitive bidding" has a rather precise meaning in purchasing circles and that it comprehends "a bid which has been submitted in a sealed envelope to prevent dissemination of its contents before the specified time and date set for bid opening."

For the following reasons, we answer your question in the negative. First, section 3.08(a) expressly provides that "formal" competitive bidding is not required for purchases under $100, not that "competitive bidding" is not required. We must assume that the legislature used the adjective "formal" for a purpose, Eddins-Walcher Butane Company v. Calvert, 298 S.W. 2d 93 (Tex. 1957); L & M-Surco Manufacturing, Inc. v. Winn Title Company, 580 S.W. 2d 920 (Tex. Civ. App. - Tyler 1979, writ dism'd), and that it did not regard "formal competitive bidding" and "competitive bidding" as synonymous. We further assume that the legislature intended that the term "formal competitive bidding," which is not defined in the statute, would be given its commonly accepted meaning. See Sanford v. State, 492 S.W. 2d 581 (Tex. Crim. App. 1973); In re Estate of Furr, 553 S.W. 2d 676 (Tex. Civ. App. - Amarillo 1977, writ ref'd n.r.e.); Texas Employers' Insurance Association v. Haunschild, 527 S.W. 2d 270 (Tex. Civ. App. - Amarillo 1975, writ ref'd n.r.e.). Second, section 3.08(d), which provides that agencies making purchases under section 3.08 must attempt to obtain at least three competitive bids from the designated sources, does not except purchases of less than $100. It applies to all purchases of less than $500, and its conditions must be satisfied.

We therefore conclude that the commission is not authorized by section 3.08(a) of article 601b, V.T.C.S., to waive all competitive bidding requirements, whether formal or informal, on delegated purchases under $100. However, in view of the fact that section 3.10 only requires competitive bids "whenever possible," we think the commission may promulgate rules indicating those instances in which it will consider that competitive bids are not possible.

## SUMMARY

The State Purchasing and General Services Commission is not authorized by section 3.08(a) of article 601b, V.T.C.S., to waive all competitive bidding requirements, whether formal or informal, on delegated purchases under $100.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood