Leroy SINGLETON, Appellant,

v.

Robert D. LaCOURE dba National Truck & Equipment Company, Appellee.

No. C14–85–789–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 20, 1986.

Rehearing Granted April 17, 1986.

Barry Boorstein, Houston, for appellant.

Warren L. Eddington, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Leroy Singleton brought this action for damages under the DTPA after a used trailer which he purchased from Robert D. LaCoure split open. Appellee LaCoure responded alleging that appellant had purchased the trailer "as is" and disclaimed any warranties thereon. The court rendered summary judgment in favor of appellee. Appellant brings eleven points of error contending: (1) the disclaimer was not "conspicuous"; (2) the disclaimer was not enforceable; (3) the evidence was not sufficient to support summary judgment; and (4) the court's judgment and findings thereunder were procedurally improper. We affirm.

Appellant's first four points of error challenge the validity of the disclaimer of warranties on the trailer. The single document reflecting the purchase of the trailer is a sales invoice from National Truck & Equipment Company. The front of this form was completed to include appellant's name and address, the item purchased, its price, and a shipping address. A box on the bottom of the invoice contained the following statement:

National Truck and Equipment Company is selling the specified vehicle(s) 'as is' and as used and second-hand vehicle(s), whether one or more, and makes no warranty guarantee or representation of the vehicle(s) or any of the equipment thereon, and specifically disclaims any warranty relating to (1) the year model of the truck, (2) the correctness of the mileage as recorded on the odometer at the time of delivery, and (3) the merchantability or fitness of the vehicle for any specific purpose. We make every reasonable effort to ascertain fact regarding age of used trucks sold by us, but we do not guarantee or warrant in any way that such information is exact. This agreement contains all things agreed upon between the parties and nothing herein contained may be varied except by agreement signed by both buyer and seller.

This statement was the only matter in paragraph form on the front of the invoice and was signed as acknowledged by appellant. The back of the invoice listed a number of terms and conditions, which were also acknowledged by appellant. Included in those terms was the following:

It is agreed and understood that buyer has purchased and accepts delivery hereby of the specified vehicle(s) subject to any defects of any nature whether now existing and evident, or about which buyer shall hereafter acquire knowledge by whatever means, and hereby agrees to hold seller forever released from any claim which buyer might raise at a later date as to any such defect.

 The importance of the language and format of these attempted disclaimers is found in section 2.316 of the Texas Business and Commerce Code. This section directs that warranties may be excluded or modified if they are in writing and conspicuous. A term or clause is designated as conspicuous when "it is so written that a reasonable person against whom it is to operate ought to have noticed it." Tex. Bus. & Comm.Code Ann. § 1.201(10) (Vernon 1968). Under this definition, we hold the warranty exclusions at issue were conspicuous. The disclaimer on the front of the invoice was the only matter set out in a paragraph; the rest was a fill-in-the-blank type form. Furthermore, it required an acknowledgment. While the term on the back of the invoice was in the same print as the other terms, it also required acknowledgment. Certainly a reasonable person ought to have noticed the disclaimers. *See, e.g., W.R. Weaver Co. v. Burroughs Corp.,* 580 S.W.2d 76, 81 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *MacDonald v. Mobley,* 555 S.W.2d 916, 919 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

 Appellant also contends that the court erred in concluding that the disclaimers were valid because the salesman made express warranties which conflicted with the warranty exclusions. The record, however, does not support this contention. In his affidavit appellant states, "... I spoke to [the salesman] and told him that I wanted to buy a trailer and that I intended to use it for hauling grain. In response to this [the salesman] said 'I got just the trailer for you' and he showed me a trailer ... At no time was I told that the trailer had been involved in a serious accident or that it had undergone extensive repairs." Appellant's deposition testimony also indicates that appellee did not specifically tell him anything, but rather concealed things that were not visible. We cannot interpret these failures to disclose the prior history of the trailer to create any express warranties under section 2.316. *See generally McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Furthermore, even if the salesman's statement "I got just the trailer for you" were to be construed to form an implied warranty of fitness for a specific purpose, subsection (c) of section 2.316 specifically states that unless the circumstances indicate otherwise, all implied warranties are excluded by the expression "as is." As noted above, appellant signed a statement acknowledging that he took the trailer "as is." We believe this made it sufficiently plain there were no implied warranties. *See* Tex.Bus. & Comm.Code Ann. § 2.316(c)(1) (Vernon 1968).

In his final challenge to the enforceability of the warranty exclusions, appellant presents a most interesting question for our review. This action was brought under the DTPA, section 17.42 of which provides that "[a]ny waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void...." Appellant then reasons that this statute voids his disclaimers for DTPA purposes.

This particular issue is not without discussion in the Texas courts; however, the courts are not in agreement in their determination of the effect of section 17.42 where an otherwise valid disclaimer exists. The most recent opinions find their basis in *G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392 (Tex.1982). In *Robichaux,* the plaintiffs

sued under the DTPA for breach of express and implied warranties. A promissory note was presented, however, stating that there were no express or implied warranties. The supreme court concluded that this language was sufficient to exclude the builder's implied warranty of fitness. A 1985 decision from this court interpreted the supreme court's opinion as dealing solely with contractual liability. *Martin v. Lou Poliquin Enterprises, Inc.*, 696 S.W.2d 180, 186 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Our court therefore held that limitation of liability clauses do not prohibit recovery under the DTPA, even though they may dispose of contractual liability. The Dallas court and the first district court in Houston do not agree with this conclusion. Both of these courts have held that the *Robichaux* court *did* give effect to a disclaimer and that section 17.42 of the DTPA did not render the disclaimer unenforceable. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 758 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Ellmer v. Delaware Mini-Computer Systems, Inc.*, 665 S.W.2d 158, 160–61 (Tex.App.—Dallas 1983, no writ). For purposes of this opinion, we need not express any further opinion on the proper interpretation of *Robichaux.* Instead, we are drawn to our conclusion through simple legal analysis.

■ Section 17.42 specifically provides, "[a]ny waiver by a consumer of the provisions *of this subchapter* is contrary to public policy and is unenforceable and void...." Tex.Bus. & Comm.Code Ann. § 17.42 (Vernon Supp.1986) (*emphasis added*). As emphasized, the statute makes it clear that the prohibition against waiver applies only to that particular subchapter, namely the DTPA. Section 2.316, however, is not a part of that subchapter; rather, it appears in the Uniform Commercial Code section. Consequently, we do not believe section 17.42's prohibitive language is applicable to 2.316.

■ Furthermore, section 17.50 of the DTPA describing relief for consumers states that a consumer may maintain a DTPA action for breach of an express or implied warranty. We do not read this section to *create* any warranties; instead, it provides relief when a warranty is breached. The warranty must first be found elsewhere. In this case, however, all warranties were effectively disposed of through compliance with section 2.316. Since there were no warranties, there cannot be an actionable breach under the DTPA. This conclusion is fortified by reference to section 17.46(b)(19) of the DTPA where it is stated, "nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 of the Business & Commerce Code to involve obligations in excess of those which are appropriate to the goods." *See Bunting v. Fodor*, 586 S.W.2d 144 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). *See generally*, 26 Baylor L.Rev. 440 (1974).

We do not intend for this decision to be interpreted to leave the consumer defenseless in situations such as this. Section 2.316(a) remains a viable form of relief when an *express* warranty is made that is inconsistent with an attempted disclaimer. When only *implied* warranties are alleged to exist, however, the merchant can disclaim such warranties if he complies with the statutory rules.

In summary we hold that the disclaimers were conspicuous and valid and that they are not rendered unenforceable under the DTPA. In view of these holdings, summary judgment was proper and appellant's first four points of error are overruled.

In his fifth, sixth and seventh points of error, appellant contends that the trial court did not consider or dispose of the issue of express warranties, and that if those warranties were properly considered, appellee did not meet its burden of summary judgment proof. Appellant points out that the court concluded that the disclaimers properly disposed of all implied warranties, but made no mention of any express warranties. We find appellant's position untenable for a most basic reason: there is no evidence that any express warranties

were made. As pointed out above, appellant's primary complaint concerns the failure to explain the trailer's prior history. However, the salesman's silence does not create an express warranty. Secondly, the "I got just the trailer for you" statement creates at most an implied warranty, which, as appellant admits, was referred to in the court's findings. Since no express warranties were made, the failure to dispose of the warranties cannot be error, and appellant's points must be overruled.

In his eighth point of error, appellant complains that the trial court erred in making factual determinations concerning the summary judgment. He argues that since fact findings were made, there must have been genuine issues of fact, and therefore summary judgment was improper. Appellant correctly points out that findings of fact have no place in a summary judgment proceeding. *See, e.g., Estate of Furr,* 553 S.W.2d 676, 679 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Fulton v. Duhaime,* 525 S.W.2d 62, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). However, the mere making of such findings does not amount to reversible error; rather, we must ignore the findings and examine the proof under the summary judgment standard of review. *See Estate of Furr,* 553 S.W.2d at 679. As detailed above, there was no error therein. Accordingly, appellant's eighth point of error is overruled.

In point of error nine, appellant makes several complaints about the form of the judgment. Specifically he contends that it does not state the effect of the judgment, does not dispose of all the issues, and does not state the names of the parties. *See* Tex.R.Civ.P. 301, 304, 306. We find the "order" to be adequate. The names of the parties are included in the heading; the court states that he has considered the pleadings, the arguments of counsel and the applicable law and facts; and, finally, the court concludes that appellee's motion for summary judgment should be granted. Appellant's ninth point of error is overruled.

In his tenth point appellant argues that appellee's pleadings were deficient in that he did not affirmatively plead release and waiver. *See* Tex.R.Civ.P. 94. A simple reading of appellee's pleadings indicates that he relied on the effect of the disclaimers, not release or waiver. Consequently, a verified pleading was unnecessary and appellant's tenth point of error is overruled.

In his final point of error, appellant contends the trial court erred in denying his own motion for summary judgment. He basically argues that because the disclaimers were not conspicuous, and because that was the *only* ground upon which appellee relied, there is no issue of fact in the case and summary judgment for appellant is proper. Since we have previously held the disclaimers were conspicuous, this point is meritless. Appellant's eleventh point of error is overruled.

The judgment is affirmed.