**BOND TRANSFER, INC., Appellant,**

v.

**CONSOLIDATED FREIGHTWAYS, Appellee.**

No. 08–85–00306–CV.

Court of Appeals of Texas, El Paso.

July 23, 1986.

Ronald Calhoun, Calhoun, Morton & Villa, El Paso, for appellant.

David R. Pierce, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is a suit between two common carriers to determine which company should bear the loss for goods lost in transit. The trial court granted summary judgment for the originating carrier against the terminal carrier. We reverse and remand.

Consolidated Freightways filed suit alleging that it delivered five boxes of freight to Bond Transfer, Inc. for delivery to Holloman Air Force Base, New Mexico, but that only four boxes were actually delivered and that the consignee withheld the sum of $3,452.78, as the value of the shipment, from its payment to the plaintiff. Suit was based upon Title 49 U.S.C., sec. 11707 (1978), the former Carmack Amendment to the Interstate Commerce Act.

The motion for summary judgment was based upon the provisions of the federal statute which is entitled "Liability of Com-

mon Carriers under Receipts and Bills of Lading," the defendant's admissions, an affidavit of the manager of Shortage Claims for Consolidated Freightways and the deposition of the president of Bond Transfer, Inc. There is no dispute that five boxes of freight were shipped from the Directorate of Storage and Transportation, Defense Depot, Memphis, Tennessee, to Holloman Air Force Base, New Mexico. Consolidated Freightways picked up the five boxes and Bond Transfer's agent signed the bill of lading acknowledging receipt of all five boxes in good condition. Only four boxes were delivered. Both parties are common carriers and the government deducted $3,452.78 from payments to Consolidated Freightways for the loss of the one box not delivered.

■ Although Bond Transfer, Inc. filed a response to the motion for summary judgment, even without a response it may urge that the movant's proof was insufficient to establish as a matter of law its right to recover. *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502 (Tex.1979); *Menchaca v. Menchaca,* 679 S.W.2d 176 (Tex.App.—El Paso 1984, no writ). To prevail on motion for summary judgment, the moving party must establish each element of its cause of action as a matter of law. *Matthews v. Houtchens,* 576 S.W.2d 880 (Tex.Civ.App.— Fort Worth 1979, no writ); *Estate of Furr,* 553 S.W.2d 676 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

In *Consolidated Forwarding Company v. Union Truck Depot, Inc.,* 356 S.W.2d 693 (Tex.Civ.App.—Dallas 1962, writ dism'd), the court said:

The Carmack Amendment is applicable to interstate Motor Carriers as well as to Railroads. 49 U.S.C.A. sec. 319. This statute specifically allows a holder of a bill of lading to sue either the originating carrier or the delivering carrier and to recover without establishing on whose line the damage occurred. *Panhandle & S.F. Ry. Co. v. Montgomery,* Tex.Civ. App., 140 S.W.2d 241 [ (1940) ]; *Atlantic C.L. Ry. Co. v. Riverside Mills,* 219 U.S. 186, 31 S.Ct. 164, 55 L.Ed. 167 [ (1911) ].

The Carmack Amendment was passed to benefit shippers; it did not apply to a carrier, who, having paid the shipper, sought to collect from its fellow carriers.

The court in *Bonifield Brothers Truck Lines, Inc. v. Edwards,* 450 S.W.2d 240 (Ky.Ct.App.1970), had before it a similar dispute between two carriers over who should bear the loss for a damaged shipment. After summary judgment was denied, the case was submitted to the jury on a negligence theory. In affirming the action of the trial court, Judge Osborne wrote:

It seems to be [appellant's] contention that under the Carmack Amendment, 49 U.S.C.A. sec. 20, para. (12), which makes carriers insurers of goods, where judgment is recovered against the initiating carrier it is entitled as a matter of right to recoup its loss from any other carrier upon whose line the loss occurred without regard to fault. We do not believe this to be the law. The general principle relative to the right of the initial carrier to recover from other carriers is stated in 14 Am.Jur. 2, Carriers, sec. 708, p. 203:

"It is the purpose of the Interstate Commerce Act to give an initial or delivering carrier, after it has been required to pay the loss, a remedy over against the connecting carrier or carriers causing the loss of or damage injury to the goods. An initial carrier is entitled to recover, from a delivering carrier in possession of the goods when loss occurred, the amount paid by the initial carrier to the consignee for such loss. However, an initial or delivering carrier cannot recover from an intermediate carrier in the absence of evidence that the loss of or damage to goods resulted from *the fault or negligence of such carrier."* (Emphasis added.).

Negligence has always been the basis of recovery as between carriers. *Atlantic Coast Line R. Co. v. Riverside Mills,* 219 U.S. 186, 31 S.Ct. 164, 55 L.Ed. 167 [ (1911) ]; *Sperry Flour Co. v. Atlantic*

*Coast Line R. Co.*, 54 Ga.App. 725, 189 S.E. 278 [ (1937) ]; *Davis, Federal Agent v. Standard Rice Co.*, Tex.Civ.App., 293 S.W. 593 [ (1926) ]; *B.C. Truck Lines, Inc. v. Pilot Freight Carriers, Inc.* (D.C. N.D.Ga.1963), 225 F.Supp. 1; *Produce Trading Co. v. Norfolk Southern R. Co.* (1919), 178 N.C. 175, 100 S.E. 316 and *Southern Ry. Co. v. Avey*, 173 Ky. 598, 191 S.W. 460 [ (1917) ]. The rule has long been that liability by the carriers is to be determined by proof of fault or negligence. Appellant has erroneously attempted to convert a rebuttable presumption of liability into a conclusive one. We are of the opinion that the trial court was proper in submitting the question of negligence to the jury.

In a more recent case, *American Foreign Insurance Association v. Seatrain Lines of Puerto Rico, Inc.*, 689 F.2d 295 (1st Cir.1982), the court said:

> While special rules govern the liability of carriers to the original shippers of goods, *see, e.g.*, 49 U.S.C. sec. 11707 (the former Carmack Amendment to the Interstate Commerce Act) and 46 U.S.C. sec. 1300 et seq. (the Carriage of Goods by Sea Act), ordinary rules of negligence govern this action to determine which of two carriers is liable for negligence which has concededly engendered liability to the shipper. A carrier is thus liable for damage caused by its breach of duty to use reasonable care in the transportation of the goods.

■ Where, as in this case, one carrier has shown delivery to another carrier, which failed to make final delivery, a prima facie case of liability has been established. But, that is a case to go to the trier of the facts, not a case establishing liability as a matter of law. We sustain Appellant's Point of Error No. One which contends that there are disputed material issues of fact which prevent the entry of summary judgment.

The judgment of the trial court is reversed and the case is remanded to the trial court.