**Leo SAMANIEGO, Sheriff of El Paso County, Appellant,**

v.

**EL PASO TOWING, INC., a/k/a El Paso Towing Association, Appellee.**

**No. 08–91–00400–CV.**

Court of Appeals of Texas, El Paso.

July 8, 1992.

Rehearing Overruled Aug. 5, 1992.

Joe Lucas, County Atty., El Paso, for appellant.

Ronald Calhoun, Calhoun & Villa, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

This is a case of first impression involving the statutory construction of Article 4477-9a, Article V, entitled "Abandoned Motor Vehicles". Suit was filed seeking a declaratory judgment that a towing company was entitled to recover storage charges for abandoned vehicles that the Sheriff sold at auction for less than the charges incurred for storage. We affirm the trial court's judgment, based upon its interpretation of the statute, awarding recovery of past due storage fees and ordering that future payments be made in accordance with the provisions in the statute.

### Facts

Within the definitions of Section 5.01,[1] the Sheriff of El Paso County is a "police department" and El Paso Towing is a "garagekeeper". El Paso Towing, upon receiving calls from the office of the Sheriff, tows abandoned vehicles to its storage facility where they remain for ten days and are then delivered to a facility maintained by the Sheriff, if not previously claimed by the owner. The vehicles are then sold by the Sheriff at public auction. The proceeds from such a sale are used to reimburse the garagekeeper for its charges and to reimburse the Sheriff for the cost of the sale. Any excess funds are held for 90 days for the owner of the vehicle or any lienholder.

---

1. All references are to Tex.Rev.Civ.Stat.Ann. art. 4477-9a (Vernon Supp.1992).

At the end of the period, these funds are placed in a special fund. The Sheriff contends this special fund is for his use alone. The towing company contends its charges for storage of vehicles that sell for an amount less than the charges and fees due should be paid from this special fund that accumulates from vehicles that sell for more than the charges and fees due.

The trial court entered a partial summary judgment interpreting the statute in such a manner as to authorize payment for storage charges to the towing company from the special fund in the event the funds received at the auction were not sufficient to pay such charges. Following a trial, the court entered judgment for the amount of past charges that remained unpaid. The court also directed that the Sheriff make future payments from the special fund in accordance with its interpretation of the statute.

*Liability for Garagekeeper's Charges*

■ The Appellant contends in his first two points of error that the trial court erred in granting the partial summary judgment as to liability because of an erroneous interpretation of the statute. In response to a request by the Sheriff, the court filed Findings of Fact and Conclusions of Law. Those findings were proper as to the issue of damages and attorney's fees that were tried to the court. Findings of fact are not proper in a summary judgment proceeding and such findings are to be disregarded on appeal. *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203 (Tex.1985); *Singleton v. LaCoure*, 712 S.W.2d 757 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■ In answer to Request for Admissions, the Sheriff admitted that he regularly conducts auctions of abandoned vehicles that have been towed by the Appellee, and that the payment of towing and storage charges are reimbursed only from funds for each particular vehicle sold and not from the special fund created from other sales.

There is no dispute concerning the determination that under Section 5.01, the Act applies to the parties to this suit under the definitions set forth as to "police department" and "garagekeeper". The interpretation of Sections 5.02, 5.03 and 5.031 are not in issue in this case. In Section 5.04, the legislature provided that an abandoned motor vehicle that was not reclaimed by the owner or lienholder or used by the police department as permitted by Section 5.031, would be sold at a public auction. From the proceeds of the sale, the police department shall reimburse itself for the expenses it has incurred. Any remaining funds are held for the owner or lienholder for 90 days and then deposited into a special fund. **From this fund, payment shall be made for expenses incurred in disposing of abandoned vehicles where the proceeds of sale are insufficient to meet those expenses.**

In Section 5.05, the legislature provided a procedure whereby a garagekeeper could be paid for storage charges incurred on abandoned vehicles prior to their auction. Section 5.05(d) provides that abandoned vehicles left in a storage facility and not reclaimed will be used by the police department as provided for in Section 5.031 or sold as provided for in Section 5.04. The proceeds of such a sale are used to pay the garagekeeper's charges and the police department retains 2 percent of the gross proceeds. The statute then provides "[s]urplus proceeds remaining from an auction shall be distributed in accordance with Section 5.04 of this article." [Emphasis added]. Thus, the legislature devised a procedure whereby the excessive funds after the sale are deposited in a special fund to be used for payment of the cost of disposing of vehicles that sell for less than the cost of disposing of them. **The only difference in the disposing of the proceeds of the sale under Sections 5.04 and 5.05 is that where there is a garagekeeper's charge, those charges are to be paid before any funds are deposited in the special fund.** But, in any event, any excess funds always go into the special fund, and in any event, if the proceeds of any sale are insufficient to pay the cost of the auction, towing, preserving and stor-

age, then such cost shall be paid from the special fund where excess funds after the cost of disposing of other vehicles have been deposited. We agree with the trial court's interpretation of the statute and the procedure by which charges are to be paid out of the special fund in instances where a vehicle is sold at auction for less than the charges for the towing, storage and auction of the vehicle. Points of Error Nos. One and Two are overruled.

### Award of Damages

The Appellant contends that since the trial court's interpretation of the statute was in error, it was error to award attorney's fees or post-judgment interest in this case. Having overruled the first two points of error, we conclude there is no error properly raised as to the award of attorney's fees or post-judgment interest. In any event, the granting of attorney's fees is within the discretion of the trial court. *Oake v. Collin County,* 692 S.W.2d 454 (Tex.1985); Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986). There is no contention that the interest provided for in the judgment is other than provided for in Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1992). Point of Error No. Three is overruled.

### Injunctive Relief

Finally, the Appellant contends the trial court erred in ordering the Sheriff to make payments in the future based upon the court's interpretation of the statute. Specifically, the court directed that the towing company must be paid from the surplus fund within 30 days after the money is transferred into that fund. Appellant relies upon the holding in *City of Shoreacres v. State,* 582 S.W.2d 211 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Chapter 37 of the Texas Civil Practice & Remedies Code entitled "Declaratory Judgments" provides in Section 37.011 that further relief based on a declaratory judgment may be granted whenever necessary or proper. This section has been held to allow injunctive relief to be granted in conjunction with a declaratory judgment. *Mendleski v. Silvertooth,* 798 S.W.2d 30

(Tex.App.—Corpus Christi 1990, no writ); *Davis v. Pletcher,* 727 S.W.2d 29 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.). In this case, the court concluded that 30 days was a reasonable time for payment to be made, a time not specified in the statute. We find neither error nor harm in directing the time within which payment was required to be made. Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.